The People of the State of New York, Respondent, *v.* Patsy Guariglia, Appellant.

Argued October 8, 1951; decided December 6, 1951.

*Maurice Edelbaum* for appellant. The court below erred in refusing to grant a hearing upon the allegation raised by the petition and the return of the District Attorney. (*Matter of Bojinoff* v. *People,* 299 N. Y. 145; *Johnson* v. *Zerbst,* 304 U. S. 458; *Gayes* v. *New York,* 332 U. S. 145; *People* v. *Richetti,* 302 N. Y. 290; *Matter of Lyons* v. *Goldstein,* 290 N. Y. 19; *People* v. *Gersewitz,* 294 N. Y. 163; *Matter of Hogan* v. *New York Supreme Court,* 295 N. Y. 92; *People* v. *Siciliano,* 185 Misc. 149; *People* v. *Sadness,* 300 N. Y. 69; *People* v. *Sullivan,* 276 App. Div. 1087.)

*Miles F. McDonald, District Attorney* (*William I. Siegel* of counsel), for respondent. The order denying the motion to vacate the judgment was proper on the facts and on the law. (*Canizio* v. *New York,* 327 U. S. 82; *Matter of Bojinoff* v. *People,* 299 N. Y. 145; *People* v. *Phillips,* 301 N. Y. 733; *People* v. *Joyce,* 41 Hun 641; *People* v. *Gersewitz,* 294 N. Y. 163; *People* v. *Sadness,* 300 N. Y. 69.)

Dye, J. This appeal is by permission of the Chief Judge of our court in order that we may review the unanimous affirmance by the Appellate Division, Second Department, of an order of the Kings County Court Special Term, denying petitioner-appellant's application for a hearing on the issues raised in his peti-

tion and for an order to bring him up to testify in his own behalf (Code Crim. Pro., § 10-c). The ultimate relief sought is an order in the nature of a writ of error *coram nobis* to vacate and set aside a judgment of conviction entered in 1931 in the County Court of Kings County, following a plea of " guilty " of the crime of robbery in the first degree, unarmed. The petitioner then being of the age of sixteen years, was sentenced to the New York State Reformatory at Elmira, New York, there to be dealt with according to law, which sentence petitioner claims has ripened into a term of imprisonment for life, now being served in Auburn State Prison.

The indictment charged the petitioner and two others (Frank Canizio[1] and Anthony Bruno[2]) with the crimes of robbery, first degree, grand larceny, second degree, and assault, second degree. When arraigned in Kings County Court on May 25, 1931, all three entered a plea of " not guilty." Thereafter on June 1, 1931, the petitioner and his codefendants were taken to the chambers of the Kings County Judge who presided at the arraignment, the only appearance noted being that on behalf of the People by an assistant district attorney for Kings County, none being noted for this petitioner or his codefendants. The record does not disclose what transpired in chambers but afterward the trio were returned to the courtroom where this petitioner withdrew his former plea of " not guilty " and entered one of " guilty " to the crime of robbery in the first degree, unarmed, and the other two counts of the indictment were then dismissed on consent of the District Attorney.

---

[1] In a proceeding instituted by petitioner's codefendant Canizio in the County Court of Kings County for an order *coram nobis* to vacate and set aside sentence imposed June 19, 1931, as void because he was not represented by counsel, and was neither asked if he desired counsel nor advised of his right to counsel, the motion was denied. There being no right to appeal to any higher court at that time (*People* v. *Gersewitz*, 294 N. Y. 163), the United States Supreme Court granted certiorari (326 U. S. 705). On appeal the order of denial was affirmed as it appeared from the papers that at the time of sentence Canizio " was actively represented by counsel in long hearings " (327 U. S. 82, 85). There being no denial of these facts, a hearing on Canizio's motion was deemed unnecessary.

[2] In a proceeding for an order *coram nobis* instituted by Bruno in Kings County Court, the sentence imposed on June 19, 1931, as to him was vacated and set aside as it conclusively appeared from the record that he was not represented by counsel at the time.

Nowhere does the record now before us disclose that the court advised the petitioner of his right to counsel, prior to his plea of " guilty " (Code Crim. Pro., §§ 8, 308). It does appear however that on June 2, 1931, the day after the petitioner pleaded " guilty ", an attorney filed with the clerk of the court a written notice of appearance on behalf of the petitioner alone. In the stenographic transcript of the proceedings held on June 19, 1931, it is noted that the same attorney personally appeared in behalf of this petitioner and that he stated to the court: " In the Patsy Guariglia case your Honor knows the facts and I leave it in your hands." The court then pronounced sentence.

The petitioner now challenges the validity of such judgment, alleging not only that he was denied his right to counsel but also claims that fraud was practiced upon him in procuring his plea of " guilty " (N. Y. Const., art. I, § 6; U. S. Const., 14th Amendt.). His verified petition alleges that at no time, either at his several appearances in court or in chambers, was he advised of his right to counsel, of which he was ignorant, or was he asked if he desired the aid of counsel and that no counsel was assigned to represent him and that he had no counsel of his own choosing. In addition, he categorically denies any conscious knowledge or understanding that he was being represented at the time of sentence by the counsel whose appearance was noted, affirmatively alleging that no lawyer consulted with him and that he " never met this lawyer [the one who appeared], nor talked to him, nor even knew that he represented your petitioner. That petitioner never retained him nor authorized him to appear for him; nor was such lawyer assigned to your petitioner by the court."

The answering affidavits do not contradict the truth of these allegations but allege that the requirements of due process in regard to counsel were fully satisfied by the appearance of an attorney in petitioner's behalf at the time of sentence. In support of this position the People pointed out that even though the initial appearance by an attorney was at the time of sentence, the petitioner's rights could nonetheless have been fully protected by the making of a motion to withdraw his plea of " guilty " and to substitute a plea of " not guilty " (Code Crim. Pro., § 337) or by the motion in arrest of judgment (Code Crim. Pro., §§ 331, 467).

The issue here is not so much whether petitioner was timely and properly represented by counsel but whether under the circumstances of this case it may be said that he consciously knew of and authorized such representation at the time of sentence.

The presumption of regularity attending judgments, as we have often pointed out, is not conclusive but is subject to rebuttal. For this reason it may not be used as a bar to a trial of the issues raised in the petition. It is only when the record convincingly demonstrates the falsity of such allegations that such relief will be denied.

Here the moving papers flatly deny that the petitioner had any conscious knowledge that he was being represented by the attorney who appeared in his behalf at the time of sentence or that he authorized such representation. There is nothing to show that he " affirmatively, voluntarily and consciously " waived the rights which he possessed at the time. The stenographic entry relied on by the People to the effect that counsel left it " in the hands of the court " does not convincingly demonstrate the falsity of the sworn allegations to the contrary. When so viewed the existence of a serious dispute is clearly indicated which we believe may only be properly resolved by a trial of the issues (*People* v. *Richetti,* 302 N. Y. 290; *Rice* v. *Olson,* 324 U. S. 786). Fundamental aspects of due process demand this for if in truth petitioner was not represented by authorized counsel, he is entitled to relief by way of *coram nobis* (*Matter of Bojinoff* v. *People,* 299 N. Y. 145).

We turn now to the petitioner's claim of fraud allegedly practiced upon him to procure his plea of " guilty ". His petition shows that at the time he was taken to the chambers of the Kings County Court, the County Judge allegedly told this petitioner who was not represented by counsel at the time: " it would be best for all three (3) defendants to plead ' Guilty ' as there was no chance, from what the court was told by the District Attorney, of petitioner and his co-defendants, being acquitted " which view was allegedly confirmed by the assistant district attorney and that " if defendants did not plead guilty and were found guilty by the Jury, the court would impose the limit permitted by law." The Judge allegedly also told

this petitioner that if he " pleaded ' Guilty ' the court would be lenient because of the age of petitioner and would send petitioner to the Elmira State Reformatory where, if petitioner behaved, petitioner would be released within a short period of time " and that " if petitioner misbehaved, he could be kept in State prison up to a maximum of fifteen (15) years." The court did not at this time inform petitioner that the maximum sentence under such a commitment could, under certain circumstances, be for life in prison (Penal Law, § 2125 [L. 1926, ch. 436; see amendt. L. 1932, ch. 275]; *People* v. *Sobierajski,* 224 App. Div. 227). It was in reliance on this that the petitioner allegedly bargained away his original plea of " not guilty " and substituted a plea of " guilty " in the expectation of leniency, which he did not get.

So much of the record as is now before us is silent as to what happened in chambers and the petitioner's version is not contradicted. This raises an issue entitling the petitioner to a hearing for if true he would be entitled to an order *coram nobis* (*Matter of Lyons* v. *Goldstein,* 290 N. Y. 19). It is only when the record conclusively demonstrates the falsity of the allegations and there is no reasonable probability at all that defendant's averments are true that a hearing will be denied (*People* v. *Richetti, supra*; *Hysler* v. *Florida,* 315 U. S. 411; *Taylor* v. *Alabama,* 335 U. S. 252; *New York ex rel. Whitman* v. *Wilson,* 318 U. S. 688; *Matter of Morhous* v. *New York Supreme Court,* 293 N. Y. 131; see, also, *Waley* v. *Johnston,* 316 U. S. 101; *Walker* v. *Johnston,* 312 U. S. 275, which deal with habeas corpus, but apply the same ruling).

The orders should be reversed and the case remitted to the County Court of Kings County for a trial of the issues.

Loughran, Ch. J., Lewis, Conway, Desmond, Fuld and Froessel, JJ., concur.

Orders reversed, etc.