nonappealable. The order appealed from remanded the proceeding to the board for additional evidence, and new findings if such were warranted, apparently on the issue of jurisdiction, i.e., whether the respondent is engaged in interstate commerce beyond a *de minimis* involvement. No such issue was raised at the hearing or hearings before the board. Without prejudging the matter we think the order is at least appealable. Under subdivision 2 of section 707 of the State Labor Relations Act (Labor Law, art. 20) there is a question whether the Special Term had the right to make the order in the absence of extraordinary circumstances or a reasonable excuse for failure to raise the issue and produce evidence concerning the same at the hearing or hearings before the board. The issue as to whether such circumstances or reasonable excuse existed we should say is at least debatable. Under section 631 of the Civil Practice Act an appeal may be taken from any order in a special proceeding which affects a substantial right. On the face of the situation disclosed here the order involved would appear to affect a substantial interest of petitioner-appellant, and under familiar rules of construction this must be deemed the equivalent of a substantial right. Motion to dismiss appeal denied, without costs. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.

### (February 13, 1958)

■ SIDNEY GELB, Respondent, v. ANTHONY MAZZEO et al., Appellants, et al., Defendant.— Application for reargument, or in the alternative, for permission to appeal to the Court of Appeals. Application denied, without costs. Foster, P. J., Bergan, Coon and Gibson, JJ., concur. [See *ante*, p. 10.]

### FIRST DEPARTMENT, MARCH, 1958

### (March 4, 1958)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS KAPATOS, Appellant.— Order unanimously reversed and the proceeding remanded for a hearing on said application. No opinion. The issues presented by the record before the lower court could not be decided upon the petition, reply and documentary evidence. The appellant was entitled to a hearing. "It is only when the record conclusively demonstrates the falsity of the allegations and there is no reasonable probability at all that defendant's averments are true that a hearing will be denied". (*People* v. *Guariglia*, 303 N. Y. 338, 343.) Concur — Rabin, J. P., Valente, McNally, Stevens and Bastow, JJ.

■ JAMES L. DOYLE, Respondent-Appellant, v. NATIONAL TRANSPORTATION Co., INC., et al., Respondents, and JOHN DENTATO, Appellant.— Judgment, so far as appealed from, affirmed, in all respects, with costs to the defendants-respondents National Transportation Co., Inc. and James Johnson, against the defendant-appellant and the plaintiff-respondent-appellant, and with costs to the plaintiff-respondent-appellant against the defendant-appellant; and the appeal taken by the defendant-appellant, John Dentato, from so much of the judgment as is in favor of the defendants-respondents National Transportation Co., Inc. and James Johnson, is dismissed. Concur — Breitel, J. P., Rabin, Frank, Valente and Stevens, JJ.

■ MERRILL LYNCH, PIERCE, FENNER & BEANE, Respondent, v. MARK D. SOROKO, Appellant.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Breitel, J. P., Rabin, Frank, Valente and Stevens, JJ.