George D. Ogden, J.
In the first set of papers, typewritten, (petition verified Aug. 28, 1958) defendant alleges: that his conviction of the crime of sodomy upon his plea of guilty, should be vacated and set aside because he was asked by the Assistant District Attorney:
“You have been arraigned previously on indictment No. 6, filed April 7th, charging you with Sodomy allegedly committed in the Town of Gates, March 27,1949. Do I understand correctly you wish to withdraw your plea that you have entered to this indictment and enter a plea of guilty?
“ Defendant: Yes, sir.
“Mr. Henry: You are entering this plea after having consulted with Mr. Connelly, upon his advice, with his consent and desire?
‘ ‘ Defendant: Yes, sir.
“The Court: June 28th”;
that there was a failure to comply with the exact terms of sections 333, 334 and 335 of the Code of Criminal Procedure. In my opinion a complete answer to the claim made by the defendant in his first petition is contained in People v. Sadness (300 N. Y. 69, 74) and People v. Sullivan (3 N Y 2d 196, 197, 199). It is apparent that the alleged error of law appears on the face of the record and a writ of error coram nobis may not be invoked to show such alleged error.
*202 The second petition (verified Sept. 3, 1958) is in longhand and, generally, is a copy of the first petition (above referred to) with the addition of a paragraph numbered “ 20 ” containing six subdivisions, which, taken together, allege that defendant was induced to plead guilty to the crime of sodomy by a promise made by the presiding Judge of a suspended sentence if he so pled; from the petition it appears that a sentence to Elmira Reception Center was imposed by this Judge on June 28, 1949. Defendant submitted a transcript of that Judge’s remarks at the time of sentencing defendant. Because of the charge made by petitioner, the remarks of the Judge are set forth at length herein, as follows:
‘ ‘ The Court: Of course, counsel, when you say the complain-
ing witness stated under fear, she waited under fear when she was surrounded by half a dozen young fellows who wouldn’t let her get out. She stated under duress.
“ It is my understanding you haven’t any official record, not been here before; but you are here. There was no solicitation on the part of these two young girls. They hadn’t excited the boys. The complainant didn’t know him.
“ The type of crime in this particular instance is sodomy. Not satisfied with the natural form of intercourse, but stooped so low you committed sodomy on this young lady.
“ Certainly you need institutional training. The sentence of the Court is, Alfred Mancuso, that you be committed to the Reception Center, Department of Corrections, Elmira New York, under Article 13-A of the Correction Law.”
It is apparent that the claims of the defendant are conclusively refuted by unquestionable documentary proof. The court quotes from People v. Picciotti (4 N Y 2d 340, 344-345) as follows: “ The defendant has made some extreme charges, and it may well be that his proof will not support them. But as we have many times held, where the defendant alleges facts which, if established, justify relief by way of coram nobis, then, he ‘ is entitled to a trial thereof in open court unless his claims are “ conclusively refuted by unquestionable documentary proof ” ’. (People v. Lain, 309 N. Y. 291, 292; see, also, People v. Silverman, 3 N Y 2d 200, 203; People v. Guariglia, 303 N. Y. 338, 343; People v. Langan, 303 N. Y. 474, 477; People v. Richetti, 302 N. Y. 290, 296, supra.) ‘ It is only when the record conclusively demonstrates the falsity of the allegations and there is no reasonable probability at all that defendant’s averments are true that a hearing will be denied ’. (People v. Guariglia, 303 N. Y. 338, 343, supra, People v. Silverman, 3 N Y 2d 200, 203, supra.) ”
*203 The 1 ‘ unquestionable documentary proof ’ ’ required by that decision is supplied in the quotation of the presiding Judge’s remarks (supra); it is inconceivable that the Judge should have made the remarks quoted above if defendant, and his witnesses (unnamed), are to be believed.
Defendant’s petitions verified August 28,1958 and September 3, 1958, including the petition for a hearing, are denied in all respects.
Submit order.