### (November 17, 1959)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES DOCETI, Appellant.

Appeals from two orders of the Court of General Sessions, New York County, entered September 12, 1958, and May 26, 1959, which denied motions by defendant for a writ of error *coram nobis* to vacate and set aside a judgment rendered April 8, 1951, convicting defendant upon his plea of guilty of the crime of robbery in the third degree.

MEMORANDUM BY THE COURT. The order of May 26, 1959 should be reversed on the law and on the facts, and matter remitted for a hearing on the issues. In this application for a writ of error *coram nobis* to vacate a 1951 conviction entered on a plea of guilty, petitioner alleges, with corroboration by the attorney who then acted for him, that he entered his plea of guilty prior to investigation and probation report on the assurance by the court that he would be permitted to withdraw his plea at any time thereafter as a matter of right. Upon the sentencing petitioner's application to withdraw his plea was denied. There may be considerable substance to the District Attorney's contention that petitioner's experienced counsel would not have addressed himself so completely to the court's discretion if a mere reminder to the court of the alleged promise of an absolute right to withdraw would have sufficed. Nevertheless, on the basis of the facts alleged petitioner is at least entitled to a hearing on his application (*People* v. *Farina,* 2 A D 2d 776, affd. 2 N Y 2d 454; *People* v. *Sullivan,* 276 App. Div. 1087), for his claim is not based solely on his own uncorroborated recollection, is not incredible on its face, and its falsity is not conclusively demonstrated by documentary evidence (*People* v. *Picciotti,* 4 N Y 2d 340; *People* v. *Guariglia,* 303 N. Y. 338; *People* v. *Richetti,* 302 N. Y. 290).

VALENTE, J. (dissenting). I dissent. The record herein so conclusively refutes the allegations in the petition and the supporting affidavit as to require no hearing.

The minutes reflect that upon the arraignment of the defendant for pleading on March 8, 1951, his attorney requested a prepleading investigation and report. This was followed by a conference at the Bench between the court and both counsel and then a conference between the defendant and his attorney. Then the court was asked to permit the defendant to plead guilty to robbery in the third degree, which permission was granted.

The gravamen of the defendant's present application — his third — is that he entered his plea because of a misunderstanding on his part induced by the court. According to his attorney, the misunderstanding resulted from the Judge's suggestion of a prepleading investigation which he, the attorney, understood to mean " that a preliminary pre-plea of guilty to robbery in the third degree should be made, that this would be followed by an investigation and probation report and thereafter the defendant, Charles Doceti, would be given an opportunity to reconsider his pre-plea and enter a plea to the indictment as might be appropriate in the light of the investigation of the probation report ".

The minutes demonstrate the spuriousness of this claim.

In the sequence of events shown in the minutes, not only was there no occasion for the court to have suggested a prepleading investigation, but it never could have suggested a " preliminary pre-plea of guilty to robbery in the third degree " for there is no such thing. There is no mystery about a prepleading investigation. It is a procedure borrowed from the Youthful

Offender Act. When a prepleading investigation is requested, the defendant consents to be investigated by the Probation Department of the court and examined by the Psychiatric Clinic *as if he* had pleaded guilty to a degree of crime. The court upon receipt of the report then determines whether the defendant will be permitted to plead to a lesser degree of crime than the one charged in the indictment. When such an investigation is requested, the defendant does not plead to any degree of crime but merely consents to the investigation. There is no such consent in this record and, of course, there is no preliminary preplea of guilty. The record does clearly show, however, the defendant's plea of guilty to robbery in the third degree, entered after a conference with his attorney. Thus, we have nothing but bare allegations contradicted by the documentary proof and by the conduct of the defendant and his attorney (*People* v. *White,* 309 N. Y. 636).

In sum, since the record conclusively demonstrates the falsity of the allegations and that there is no reasonable probability at all that the defendant's and his attorney's averments are true, a hearing should be denied (*People* v. *Guariglia,* 303 N. Y. 338; *People* v. *Silverman,* 3 N Y 2d 200).

I would therefore affirm the dismissal of the application for a writ of error *coram nobis.*

Botein, P. J., M. M. Frank, McNally and Stevens, JJ., concur in Memorandum by the Court; Valente, J., dissents and votes to dismiss the application, in opinion.

Order of May 26, 1959 is reversed on the law and the facts, and matter remitted for a hearing on the issues.