THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDGAR J. MURDAUGH, Appellant.— Appeal by defendant from an order of the County Court, Kings County, dated January 13, 1960, denying, without a hearing, his *coram nobis* application to vacate a judgment of said court, rendered December 22, 1955, convicting him of murder in the first degree, and sentencing him, pursuant to the jury's recommendation, to imprisonment for the term of his natural life (Penal Law, § 1045-a). The conviction was affirmed by this court and by the Court of Appeals (6 A D 2d 695; 5 N Y 2d 812, motion for reargument denied 7 N Y 2d 756; cert. denied 359 U. S. 938). The grounds asserted on this application are (a) inadequate representation by assigned counsel who did not properly investigate certain hospital records, and (b) the suppression of such records by the District Attorney. The latter contention was denied by defendant's own counsel. Prior to the homicide in question, defendant had suffered a brain concussion when struck on the head by a robber. The hospital records showed that the neurological examination and the X rays of his skull were negative, and that his reflexes " were normal with no defects." No further treatment was prescribed. Defendant contends: (1) that he did not commit the crime; (2) that after his brain concussion he suffered periods of unconsciousness; (3) that he was unconscious at the time the homicide was committed; and (4) that if the record of his brain concussion had not been suppressed, a dif-

ferent result would have ensued. A letter of his attorney on the trial states that "the history of your medical background was gone into thoroughly." Order affirmed. In our opinion these documents constitute the "irrefutable documentary evidence" which disentitles defendant to a hearing (*People* v. *Richetti*, 302 N. Y. 290; *People* v. *Guariglia*, 303 N. Y. 338). Even if it be assumed that counsel was negligent or committed an error in judgment, such neglect or error would not constitute inadequate representation (*People* v. *Tomaselli*, 7 N Y 2d 350; *People* v. *Brown*, 7 N Y 2d 359). A defendant is not entitled to infallible counsel (*People* v. *Girardi*, 2 A D 2d 701). Nor may the incidents which occurred subsequent to the jury's determination be the subject of a *coram nobis* application (*Matter of Lyons* v. *Goldstein*, 290 N. Y. 19). Beldock, Ughetta, Christ and Pette, JJ., concur; Nolan, P. J., concurs in result.