THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* RAYMOND HEFFERNAN, Defendant.

County Court, Kings County, July 12, 1962.

*Raymond Heffernan,* defendant in person. *Edward S. Silver, District Attorney* (*William I. Siegel* of counsel), for plaintiff.

HYMAN BARSHAY, J. Defendant moves by way of *coram nobis* to vacate and set aside a judgment dated June 8, 1959, convicting him, on his plea of guilty during trial, of the crime of attempted sodomy in the first degree and sentencing him to a term of not less than five and not more than six years in State prison. The defendant and one William Waterman were jointly indicted for the crimes of kidnapping, rape in the first degree, attempted rape in the first degree, sodomy in the first degree, attempted sodomy in the first degree and assault in the second degree. The codefendant, Waterman, pleaded guilty to sodomy in the first degree, during trial, and was sentenced to a term of not less than 5 and not more than 10 years. The defendant claims he pleaded guilty because he was " fraudulently induced by an unfulfilled promise of leniency made by an Assistant District Attorney, who had handled the case." He alleges that during a recess of the trial, the Assistant District Attorney, in the presence of his counsel and his codefendant's counsel, asked him if he would testify against Waterman and if he did, the Assistant District Attorney said, " I'll get you a break." Waterman pleaded guilty, thus there was no need for him to testify against Waterman. He further alleges that his counsel advised him of a conference held in chambers, as a result of which, he was told by his counsel that he was to plead guilty and " would have to admit everything." He now claims that he admitted to his lawyer that he had committed an act of sodomy on the complainant, but he did so with her consent and without the use of force.

The statement alleged to have been made by the Assistant District Attorney to the defendant, even if true, would not be the basis for *coram nobis*. The defendant makes no claim that he was induced to plead guilty by a promise made to him by the District Attorney.

The stenographic record completely refutes his claim that he did not authorize his attorney to offer a plea of guilty involving the use of force. On January 29, 1959, the defendant's counsel addressed himself to the court as follows:

MR. CONTESTINO: At this time, if it pleases the Court, the defendant with your permission wishes to withdraw his plea of not guilty and offers to plead guilty to the fifth count of the indictment to cover all the counts of the indictment. Also at this time, if your Honor please, we consent that the name of Raymond Heffernan, which appears as " Hefferman " in the fifth count be changed to " Heffernan."

THE COURT: Do you mean the entire indictment?

MR. CONTESTINO: Yes.

THE COURT: Motion granted.

MR. CONTESTINO: If I may, your Honor, in the fifth count we are pleading to attempted sodomy in the first degree.

THE COURT: I appreciate that, but it is under the fifth count which is the completed act.

MR. CONTESTINO: Yes.

THE COURT: Has each counsel advised his client as to what they are doing?

MR. HANFT: I have.

MR. CONTESTINO: Yes, your Honor.

THE COURT: Does each counsel say to me that their client understands what they were told by their respective lawyers?

MR. HANFT: My client's answer to me was that he advised me of the fact that he wishes me to request permission from your Honor to accept that plea.

MR. CONTESTINO: I am in the same position, your Honor. I was requested by my client to ask your Honor if he could plead to that count of the indictment.

THE COURT: Each lawyer knows that no promise of any kind has been made regarding the sentence.

MR. CONTESTINO: That is my understanding.

MR. HANFT: I have so advised my client.

MR. CONTESTINO: I conveyed that to my client.

After questioning the codefendant, Waterman, the court posed the following questions to this defendant:

THE COURT: Mr. Heffernan, did you talk this matter over with your lawyer, Mr. Contestino, who is standing alongside of you?

DEFENDANT HEFFERNAN: Yes.

THE COURT: Of your own free will, do you wish to plead guilty to the crime of attempted sodomy in the first degree, a felony?

DEFENDANT HEFFERNAN: Yes.

THE COURT: Is it true and do you admit this of your own free will that on the 16th of August, 1958, in the Borough of Brooklyn, County of Kings, against her will, without her consent, you carnally knew Lillian McGowan, the complainant, by the anus? Do you admit that?

DEFENDANT HEFFERNAN: Yes, sir.

THE COURT: You admit that of your own free will?

DEFENDANT HEFFERNAN: Yes.

THE COURT: Do you understand, too, that I make you no promise nor has anyone made any promises to you about the sentence?

DEFENDANT HEFFERNAN: Yes.

Thereupon, the defendant pleaded guilty as aforesaid.

The case relied on by the defendant, *People* v. *Picotti* (4 N Y 2d 340) has no application to the instant motion. In that case, the defendant claimed that an Assistant District Attorney improperly threatened him and coerced him into entering a plea of guilty and the court held that he was entitled to a hearing. No such claim of coercion or threats by an Assistant District Attorney is made by the defendant on the application before me. The application is, therefore, denied without a hearing (*People* v. *Guariglia*, 303 N. Y. 338; *People* v. *Richetti*, 302 N. Y. 290).