Johh J. 0 ’Bribe, J.
Defendant James Shields was arrested on November 23, 1961, in the early hours of the morning and charged with violating subdivision 2 of section 1192 of the Vehicle and Traffic Law. Defendant was thereupon immediately brought before a Court of Special Sessions and arraigned upon the afore-mentioned charge. The defendant pleaded guilty to the charge as alleged and was sentenced to pay a fine and have his license revoked.
Prior to his arraignment, a blood test was taken which later established that the alcohol volume by weight in the defendant’s blood was not sufficient to sustain a charge of driving while intoxicated. Throughout the entire proceeding the defendant *280 was not represented by counsel. After Ms plea of guilty, the defendant was advised as to the results of the blood test that had been taken.
An application for a writ of error coram nobis was made to the Court of Special Sessions. The Court of Special Sessions denied said writ without a hearing and the defendant appeals therefrom.
Coram nobis has been discussed as a vehicle to bring certain matters to the attention of the court which if known at the trial would have prevented the rendition of the verdict. (See Frank, Coram Nobis, § 4.01 [b], p. 77.)
In the event a triable issue for a good cause shown should arise, the court will order a formal hearing. (People v. Guariglia, 303 N. Y. 338.)
The writ is not limited to persons serving under a sentence of conviction, but is also used in order to vacate a judgment of conviction where the sentence has already been served either by incarceration or by suspended sentence and the defendant wishes to expunge the conviction from the record. (See Frank, Coram Nobis, § 4.01 [a], p. 70.)
• The Legislature of the State of New York amended sections 517 and 518 of the Code of Criminal Procedure respectively by permitting a defendant or the People to appeal from an order denying or granting -a motion to vacate a judgment of conviction, otherwise known as a motion or application for a writ of error coram nobis.
Implicit the idea of justice, the concept of fair play dictates that scientific facts in possession of a Justice of the Peace is tantamount to being in the possession of a defendant who stands before the bar of justice on a serious charge. Driving while intoxicated is a serious charge for the entire results which can happen to one charged with that crime carrying with it the mandatory revocation of a license to a man who requires such a privilege as a means of livelihood, both for himself and those dependent upon him.
Today disclosure is the watchword of advancement in the realm of the law. It is so in matters civil and it should be absolute in criminal matters.
The defendant has been accused of violating subdivision 2 of section 1192 of the Vehicle and Traffic Law which contains a scientific formula on standards which measures the evidence to be produced by the prosecutor as a prima facie violation of this law. Failure of the scientific formula carries with it no conviction. In such an event there needs to be visual evidence of the elements which brings to one’s judicial mind a violation. *281 This record carries with it no evidence of the observation of defendant’s behavior.
Therefore, there being no evidence to substantiate the charge made herein, the order denying said writ of error coram nobis is reversed and the matter is referred to the Court of Special Sessions and it is directed that a formal hearing be held by the Court of Special Sessions.
Although the attorney for the defendant has raised several questions regarding the conviction in this case, the only point of merit is that which pertains to the coram nobis upon which the court rules at this time.