■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN EARL, Appellant.— Order entered September 21, 1961, denying, without a hearing, application of petitioner-appellant (herein appellant) for a writ of error *coram nobis* to vacate a judgment, rendered January 28, 1947, convicting appellant upon his plea of guilty of robbery in the first degree, reversed on the law and the facts, and the matter remanded for a hearing. Appellant was indicted on or about December 23, 1946, charged with the crime of robbery in the first degree. He alleges that he was questioned thereafter on six occasions at the office of the District Attorney concerning the crime to which he subsequently and on January 28, 1947 pleaded guilty. Appellant alleges further that at such interrogations he was without the benefit of counsel and as the result of threats and intimidation he agreed to and did later plead guilty. The opposing affidavit submitted by the People merely recites that defendant admitted the robbery for which he was indicted and he made a full confession (see *People* v. *Nicholson*, 11 N Y 2d 1067). This does not meet the issue of whether defendant by a violation of his constitutional rights was questioned as to the other crimes and thus collaterally induced to plead guilty. In that connection, at the time of plea the prosecution referred to confession by defendant of other crimes. The affidavit makes no attempt to answer or deny the charges of the appellant. The brief attempts to supply some of the omissions, but the brief is not the record. The sole question before us is whether on the facts alleged, undisputed or not controverted by documentary evidence, the appellant is entitled to a hearing. It may well be that appellant at a hearing will not be able to sustain the charges made. However, in our view a hearing is required. " It is only when the record convincingly demonstrates the falsity of such allegations that such relief will be denied." (*People* v. *Guariglia*, 303 N. Y. 338, 342; *People* v. *Picciotti*, 4 N Y 2d 340.) Concur — Botein, P. J., Breitel, Stevens and Bergan, JJ. McNally J., dissents in the following memorandum: On January 28, 1947 defendant pleaded guilty to robbery in the first degree. Fourteen years later he brings this motion for *coram nobis* relief claiming that during the period between the filing of the indictment and the plea of guilty he was brought to the District Attorney's office and questioned without benefit of counsel; that as a result thereof he pleaded guilty to avoid continued intimidations and threats made by the police and the prosecuting authorities. The record shows defendant was represented by an attorney at the time of pleading and at the time of sentence. In my opinion the issue as to whether the plea was illegally obtained was waived by

the plea of guilty. (See *People* v. *Nicholson*, 11 N Y 2d 1067; *People* v. *Jones*, 11 N Y 2d 1070.) Accordingly, I dissent and vote to affirm.