■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM HENSLER, Also Known as WILLIAM THOMPSON, Appellant.— Order, entered January 18, 1963, denying, on reargument, defendant's motion to vacate an order of December 2, 1959, which denied defendant's motion made in 1958 for writ of error *coram nobis* to vacate judgment of conviction of April 29, 1937, unanimously reversed, on the law and the facts; and the matter remitted to the Supreme Court, New York County, for a hearing. The 1958 *coram nobis* application was brought upon the alleged ground that the defendant was not informed of his right to counsel and that he was not represented by counsel in connection with his plea of guilty resulting in the 1937 conviction. The defendant was thereupon granted a hearing which was originally set down for April 21, 1959. The hearing was adjourned because the defendant was then or had recently been confined to Dannemora State Hospital and there was a question as to his ability to understand the proceedings and of making his defense. According to the statement of the court, it "was apprehensive as to whether the defendant was capable of understanding the proceedings and had its Law Secretary [Mr. Solniker] communicate with Dr. Johnston, the Superintendent of Dannemora State Hospital. At that time, Dr. Johnston stated that the defendant was held as legally insane whereupon the court ordered that its order to produce defendant for a hearing be stayed. Shortly thereafter, Mr. Solniker received a telephone call from Dr. Johnston to the effect that the defendant is to be sent back to prison and in his opinion, (the defendant) is capable of understanding the proceedings." It was on this basis that the court finally fixed a date for a hearing on the 1958 application and ordered the defendant produced in court. It was not proper, however, for the court to predicate a finding of defendant's sanity upon what was said over the telephone by the Superintendent of the State hospital to the Justice's secretary. (See *People* v. *Lawrence,* 19 A D 2d 899; *People* v. *Weiss,* 19 A D 2d 900.) The hearing was eventually held on November 5, 1959, and the defendant appeared thereat, was represented by counsel, and testified in support of his 1958 *coram nobis* application. The court, following the hearing, by its order of December 2, 1959, denied the application; and said order was affirmed here (12 A D 2d 751). The present application seeking a vacatur of the December 2, 1959 order and a rehearing is supported by defendant's allegations that he was insane at the time of the 1959 hearing and that he was then mentally unable to properly and intelligently participate in the proceedings. Particularly, he claims that, because of his condition, he was not able to refute certain documentary evidence which purported to show that an attorney had in fact filed a notice of apearance and had appeared for him at the time of his conviction. The allegations of the defendant on the present application are in the main conclusory, but the District Attorney has not submitted any opposing affidavit. The records of the Dannemora State Hospital, or affidavits from the doctors there, which are available to the District Attorney, have not been produced. On the state of the record, the falsity of defendant's allegations is not demonstrated and we cannot say that there is no reasonable probability at all that defendant's averments are not true. (*People* v. *Guariglia,* 303 N. Y. 338, 343; *People* v. *Hughes,* 8 A D 2d 302.) The defendant is entitled to a hearing on the issue of his alleged insanity at the time of the November 5, 1959 hearing. (See *People* v. *Langfelt,* 21 A D 2d 267; *People* v. *Jones,* 12 N Y 2d 1024; *People* v. *Sprague,* 11 N Y 2d 951; *People* v. *Boundy,* 10 N Y 2d 518; *People* v. *Mackie,* 20 A D 2d 918; *People* v. *Zarcone,* 15 A D 2d 505.) The hearing shall be limited to the issue of the defendant's mental condition at the time of the said 1959 hearing and also issues arising in connection with

his allegations of "fraud" premised upon the alleged use by the District Attorney of "altered documents" and improper evidence to establish that an attorney did appear for defendant at the time of his conviction. Concur — Breitel, J. P., Valente, McNally, Stevens and Eager, JJ.