■ The People of the State of New York, Respondent, v. Leonard G. Swanston, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the County Court, Suffolk County, entered November 16, 1965, which, without a hearing, denied his application to vacate a judgment of said court rendered June 5, 1964, convicting him of attempted burglary in the third degree, upon his plea of guilty, and imposing sentence. Order reversed, on the law, and proceeding remitted to the County Court, Suffolk County, for the purpose of: (a) holding a hearing on the issues presented and (b) making a determination *de novo* on the basis of all the proof adduced. No questions of fact were considered. Defendant claims that he was induced to plead guilty by his attorney, who informed him that an Assistant District Attorney had promised him that defendant would be sentenced to one year or possibly put on probation; that the promise was made in the presence of and within the hearing of the Assistant District Attorney, who stood there in silence; and that defendant was left with the view that the promise was part of the " bargain ". The People submitted an affidavit of John Copertino, an Assistant District Attorney, who stated that he had been the trial assistant assigned to the case and denied defendant's version of the proceedings at the time of defendant's change of plea to one of guilty. The record, however, sustained defendant's claim that Edward Connors and not Copertino had been the Assistant District Attorney at the trial. There is no affidavit from Connors. The explanation in the People's brief, that Connors was the chief assistant who handled changes of plea, but that it was Copertino's case and that he was present in court, is insufficient to contradict defendant's version

of what occurred at the time. Under the circumstances, defendant is entitled to a hearing (*People* v. *Guariglia,* 303 N. Y. 338, 343). In addition, defendant in his brief claims that the attorney who represented him at the time in question failed to reply to a request for an affidavit concerning the alleged promise. The attorney's attendance at the hearing, as a witness, should be compelled by process (*People* v. *Scott,* 10 N Y 2d 380, 382). Beldock, P. J., Ughetta, Christ, Hill and Benjamin, JJ., concur.