■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. KENNETH F. CHRISTIAN, Appellant.— Order unanimously affirmed. Memorandum: We affirm the order but not for the reasons stated by the court below. In 1961 defendant was sentenced as a second felony offender. In 1965 he filed an application for resentence upon the ground that the 1955 predicate Oklahoma conviction was constitutionally defective in that he was not advised of his right to counsel and was not represented by counsel. The opposing affidavit filed by the District Attorney has attached thereto a certified copy of the "Minutes Recorded in Minute Record District Court, Book 5, Page 314" from which the following appears: "State appeared by Co. Atty. Defendant appeared in person and by atty. Stansell Whiteside". Also attached thereto is a certified copy of an order signed by Weldon Ferris, District Judge of District Court of Jackson County, Oklahoma, filed with the Clerk of the court on November 7, 1961 from which it appears that after a hearing to set aside the conviction upon the same grounds urged in this proceeding the court found "that the defendant was duly represented by an attorney at the time he entered his plea of guilty in this Court and was fully advised of his legal rights therein." In our opinion these documents conclusively refute by unquestionable documentary proof (*People* v. *Richetti*, 302 N. Y. 290) and demonstrate the falsity of the allegations contained in appellant's petition; consequently a hearing will be denied. (*People* v. *Guariglia*, 303 N. Y. 338.) After examining the exhibits herein mentioned the court below refused to decide the questions raised by stating that "the constitutional question will not be decided by this Court" on the ground that it could best be decided by the Oklahoma court. Apparently

the court below overlooked the fact that section 1943 of the Penal Law as amended in 1964 now requires our courts to give relief when it appears that a defendant's previous out-of-State conviction was obtained in violation of his constitutional rights. (*People* v. *Machado,* 17 N Y 2d 440; *People* v. *Cornish,* 21 A D 2d 280.) (Appeal from order of Onondaga County Court denying, without a hearing, motion for resentence.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.