Third Department, February, 1970

## (February 9, 1970)

■ The People of the State of New York, Respondent, v. Arthur Robert Dayter, Appellant.— Greenblott, J. Appeal from an order of the County Court of Albany County, entered October 31, 1968, which denied, without a hearing, a motion to vacate a judgment convicting defendant of grand larceny in the first degree. On May 13, 1965 appellant while represented by counsel, after a plea of guilty, received a suspended sentence and was placed on probation. In July of that year, probation was revoked and he was sentenced to the Elmira Reformatory. Three years later, appellant sought a writ of error *coram nobis* contending that a guilty plea was entered under duress and coercion in that, at the time of his arraignment on May 13, 1965, he had

been told by a "member of the Court and the Officer of the Court" that if he went to trial "the fact that [he] was a homosexual would be revealed to everyone in open Court" and "the fact that the complainant was also a homosexual and of very good standing in society, would be revealed". Appellant contends that he does not know the name of the person who made the statements but that if a hearing is granted, he could point out the court officer who coerced him into pleading guilty. It is clear that a judgment based upon trickery, deceit, coercion or fraud in the procurement of the plea may be corrected by *coram nobis* (*People* v. *Picciotti*, 4 N Y 2d 340). As the court stated in *Picciotti* (p. 344), "there is no bargain if a defendant is told that, if he does not plead guilty, he will suffer consequences that would not otherwise be visited upon him". Even assuming, *arguendo*, the truth of appellant's allegations that the statements were made to him by someone in authority on behalf of the District Attorney's office, that his homosexuality and that of the complainant would be brought out in a trial, such evidence would not constitute coercion since the District Attorney would be justified in disclosing this evidence during a trial and indeed, probably could not avoid doing so. Evidence of homosexuality on the part of the complainant might be material to the prosecution's case and could be developed on direct testimony or more likely would be brought out by appellant's attorney on cross-examination of the complainant in an effort to destroy his credibility. Furthermore, should appellant take the stand, on cross-examination, the prosecutor would be well within his rights to elicit evidence of homosexual conduct since such immoral acts would affect his character and show him to be unworthy of belief. The defendant would not be suffering "consequences that would not otherwise be visited upon him". The conduct here complained of is not to be equated with threats of a long sentence or harsh penalty if a trial is sought (cf. *People* v. *Elfe*, 18 N Y 2d 601; *People* v. *Wright*, 11 N Y 2d 1093; *People* v. *Thomas*, 29 A D 2d 877), or with advice by a District Attorney that fourth felony treatment would be avoided only by entering a plea when in fact the defendant was not a fourth offender (cf. *People* v. *Pearson*, 12 N Y 2d 978), or with a warning that if a guilty plea was not entered, bail would be revoked (*People* v. *Madsen*, 31 A D 2d 737). It should also be noted that unlike the defendant in *People* v. *Picciotti* (*supra*) appellant makes no claim that he was innocent of the crime to which he pleaded guilty. Indeed this proceeding appears to be the afterthought of a person who was satisfied with his sentence when he was placed on probation, but changed his mind when probation was revoked and he was sentenced to prison. Order affirmed. Herlihy, P. J., Reynolds, Greenblott and Sweeney, JJ., concur in memorandum by Greenblott, J.; Cooke, J., dissents, and votes to reverse, in a memorandum. Cooke, J. (dissenting). The sole issue here is whether or not appellant is entitled to a hearing. Where the defendant alleges facts which, if established, justify relief by way of *coram nobis*, then he is entitled to a trial thereof in open court unless his claims are conclusively refuted by unquestionable documentary proof (*People* v. *Picciotti*, 4 N Y 2d 340, 344–345), and, here, the affidavit of the assistant district attorney and the transcript of the proceedings in court, the only papers offered in opposition and which do not refute appellant's allegations, do not demonstrate conclusively the falsity of defendant's allegations or amount to unquestionabe proof to the contrary (cf. *People* v. *Bagley*, 23 N Y 2d 814). A violation of due process of law ensues where the guilty plea results from coercion by either the court, the prosecution or some other public officer who, because of his official position, is in contact with the accused, there being no doubt that *coram nobis* lies to correct a judgment based on such coercion in the procurement of the plea (*People* v. *Picciotti*, *supra*, p. 344; *People* v. *Farina*, 2 N Y 2d 454, 455; *People* v. *Van Nostrand*, 4 A D 2d 913; Frank, Coram Nobis,

[1960 Supp.], par. 3.01 [e]). Defendant claims he "was coerced and forced to plead guilty by an Officer of the Court", that if "granted the hearing He will be able to point out the Court Officer; who coerced him into pleading Guilty" and that "defendant does not know the Court Officer's name." A hearing has been ordered where a defendant allegedly requested assignment of counsel because of misrepresentations by court officers (*People* v. *Harris,* 11 A D 2d 1017, affd. 9 N Y 2d 914) and it has been held that the fact that the speaker has not been identified or named is not decisive (*People* v. *Picciotti, supra,* p. 345) as that may be accomplished at the hearing. If the defendant was told, as he alleges, that if he did not plead guilty the fact that he "was a homosexual would be revealed to everyone in open Court" and that his "character and life would be degraded and ruined", then he was threatened with consequences that would not otherwise be visited upon him (cf. *People* v. *Picciotti, supra,* p. 344), because such homosexuality would not have been revealed if defendant chose not to take the stand on trial, as was his right, nor would it have been otherwise admissible unless it was interwoven in the larceny, which has not been indicated in the instant matter and seems unlikely. Homosexuality has been defined as "atypical sexuality characterized by manifestation of sexual desire toward a member of one's own sex" or "erotic activity with a member of one's own sex" (Webster's Third New International Dictionary, p. 1085). Although the details and effect of the threats, if made, are to be considered and passed upon at the hearing, the mention of being a homosexual and the stated ruin to follow were serious indeed (see former Penal Law, § 690; Penal Law, §§ 130.20, 130.38, 130.40, 130.45, 130.50; *Brown* v. *Du Frey,* 1 N Y 2d 190, 199; *Nowark* v. *Maguire,* 22 A D 2d 901; Prosser, Torts [3d ed.], § 107, p. 778); and it cannot be said, at this juncture, that there is no reasonable probability at all (cf. *People* v. *Silverman,* 3 N Y 2d 200, 203; *People* v. *Guariglia,* 303 N. Y. 338, 343) that the claimed utterances had no impact on the voluntariness of defendant's plea. An examination is required of all the circumstances in order to ascertain whether the plea was the result of a reasoned decision or the product of unreasonable fear or coercion (*People* v. *McCoy,* 32 A D 2d 610). The fact that defendant was represented by counsel does not render his claim false or inconsequential (cf. *People* v. *Picciotti, supra,* p. 345). The order should be reversed and the matter remitted for a hearing.