Hyman Barshay, J.
The defendant moves by way of a writ of error coram nobis to vacate and set aside a judgment of conviction dated April 16,1956 convicting him on his plea of guilty to grand larceny in the second degree and sentencing him to a term of not less than two and one-half and not more than five years in State prison.
The grounds for the relief sought are that prior to his entry of the plea of guilty, an assistant district attorney promised him that his sentence would not exceed one to two years in State prison, if he would co-operate with the authorities in certain matters; that he relied on such promise, was co-operative with them but the promise was not kept. He does not claim that the court participated in, was aware of, or was informed of such promise, or such co-operation. At a hearing held on consent of the District Attorney, it was elicited that soon after the defendant’s arrest, a police officer put him in contact with an assistant district attorney who allegedly made the aforementioned promise in consideration of the defendant’s furnishing to the authorities information concerning people. He gave information to that assistant district attorney which resulted in the arrest of three men. Another assistant district attorney thereafter asked the petitioner, then incarcerated, to co-operate in an unsolved homicide case. At the risk of his personal safety, he obtained information in that matter but it proved useless.
The defendant’s counsel testified that at the time of sentence, in urging clemency for the defendant, he told the court of the defendant’s co-operation with the authorities. He did not set forth any of the details because it might endanger his client’s safety.
Both assistant district attorneys testified that they sought and received the defendant’s co-operation but promised him nothing specific by way of sentence. One said that the defendant would get consideration. The other deified he made any promise whatever to the defendant. Each testified that he did not call any of the facts of the defendant’s services to the court’s attention or make them known to the probation department prior to sentence. The probation department’s report contains no recommendation from either assistant.
From all the evidence adduced before me, I am warranted in concluding that while the defendant was not promised any specific jail sentence, he was promised consideration. Prosecutors must often deal with defendants. All the facts, however, should be made known to the court before sentence. If the facts (the details are necessarily omitted) were called to my attention before sentence, I would have imposed a lesser sentence than *196 the one imposed. I am fully aware that a promise, made by an assistant district attorney, is not ground for relief by way of coram nobis (People v. De Maio, 303 N. Y. 939), but in fairness to this petitioner, he ought to be placed in the same position he would have been in, if I had known of the co-operation he rendered and the risks he incurred in trying to aid the authorities. The motion to vacate and set aside the judgment of conviction and sentence dated April 16, 1956 is granted. The Department of Correction of the City of New York in whose custody the petitioner is presently, is hereby directed to produce the defendant in court as soon as convenient for further proceedings in this matter. Submit order.