Hyman Barshay, J.
The defendant moves by way of coram nobis to vacate and set aside a judgment dated February 3,1958, convicting him, on his own plea of guilty, of the crime of grand larceny in the second degree, and sentencing him to a term of not less than! and not more than 2 years in State prison.
The defendant frames his present application on the grounds that he was not advised of his right to counsel; that he did not have the aid of counsel at the time of conviction; that he did not understand the nature and consequences of his plea and that when the judgment of conviction was vacated, he should have been granted the option to withdraw his plea of guilty.
On April 16, 1956, the defendant was sentenced to a term of 2x/% to 5 years in State prison, on his own plea of guilty to the crime of grand larceny in the second degree. Thereafter, he made application in the nature of a writ of error coram nobis to vacate that judgment upon the ground that, prior to pleading guilty, an Assistant District Attorney promised him that his sentence would not exceed a term of 1 to 2 years if he co-operated with the authorities in certain matters; that in reliance on that promise, he did co-operate with the authorities but the promise was not kept. At a hearing held, with the consent of the District Attorney, the evidence adduced warranted the granting of his application (People v. Levy, 9 Misc 2d 194) and on February 3, 1958, the defendant was resentenced to the term of which he now complains.
The minutes of the proceedings of February 3, 1958, disclose that the defendant advised the court that his former lawyer no longer represented him; that George Fleary, Esq., was then assigned as counsel for the defendant. The pertinent portion of the transcript of the proceedings contains the following colloquy:
*121 the court: Whatever sentence you are going to get will now be given to you with Mr. Fleary.
THE DEFENDANT: Yes.
the clerk : Do you consent to have Mr. Fleary act as your attorney in place of Mr. Kahn?
THE DEFENDANT: Yes.
the court: This man pleaded guilty and I sentenced him for a term of two and a half to five years. The defendant brought on a coram nobis proceeding and we had a hearing on consent of the District Attorney. The hearing was held before me, and I rendered a decision last week in the Law Journal wherein I granted the coram nobis and vacated the sentence of two and a half to five years for the reasons stated therein. He claimed that he was promised not less than one and not more than two years. I found in his favor, and that is the sentence I will impose upon him now. The former plea has been set aside and vacated * * * Make your application.
the clerk: What is your name?
the defendant : Bernard Levy.
the court: You, Mr. Levy, fully understand what you are doing now?
the defendant: Yes, I plead guilty.
the clerk: Bernard Levy, do you wish to withdraw your plea of grand larceny in the second degree heretofore interposed?
THE DEFENDANT: Yes.
the clerk: And you now plead not guilty?
the defendant: Yes.
me. fleary : We now withdraw the plea of not guilty and plead guilty to the crime of grand larceny in the second degree.
Q. by the clerk : Do you wish to withdraw your plea of not guilty and now you wish to plead guilty to the crime of grand larceny in the second degree? A. Yes, I do.
by the court: Q. You understand fully what you are doing? You always admitted your guilt? Am I correct? A. Yes.
Q. The only thing you complained of was your sentence? A. Yes, sir.
Q. Do you still admit your guilt? A. Yes, sir. the court : Proceed.
(Mr. Fleary consults with the defendant.) * * * that the Clerk entered the defendant’s plea of guilty to grand larceny in the second degree and his pedigree was taken; that the defendant waived the two days’ notice of sentence; that pursuant to the provisions of see. 480 of the Code Grim. Pro., the defendant was asked if he had any legal cause why judgment should not be pronounced and he stated that he had no legal cause to show why the judgment of the law should not be imposed upon him; that he was thereupon sentenced to a term of not less than one and not more than two years in State Prison.
It is well established that a defendant, seeking relief by way of coram nobis is entitled to a hearing unless his claims are conclusively refuted by unquestionable documentary proof. (People v. Lain, 309 N. Y. 291; People v. Silverman, 3 N Y 2d 200; People v. Guariglia, 303 N. Y. 338; People v. Langan, 303 N. Y. 474; People v. Richetti, 302 N. Y. 290.) The court finds that the minutes of the proceedings of February 3, 1958, conclusively refute the defendant’s allegations and amount to unquestion-
*122 able proof to the contrary. In People v. White (309 N. Y. 636, 640, 641) the court stated: “ Charges made in coram nobis
are subject to the criteria relied upon in all causes to determine where the truth lies. Bare allegations not confirmed by the recorded facts and contrary to the conduct of the defendant and his attorney, are insufficient in law to warrant the granting of a hearing. The defendant is not entitled to a hearing on charges lacking factual .support. Due process does not require a court to accept every sworn allegation.”
The application to vacate and set aside the judgment of conviction dated February 3, 1958, is denied without a hearing. Let the District Attorney submit an order to that effect and serve a copy of it, together with notice of entry, by mail, upon the defendant at the institution where he is presently confined.