THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ROBERT WHITE, Appellant.

Argued October 18, 1955; decided February 17, 1956.

*Milton Schilback* and *Robert White,* in person, for appellant. Appellant is entitled to a hearing on his allegation that his plea of guilty was obtained by fraud. (*Matter of Hogan* v. *New York Supreme Court,* 295 N. Y. 92; *Matter of Morhous* v. *New York Supreme Court,* 293 N. Y. 131; *Matter of Lyons* v. *Goldstein,* 290 N. Y. 19; *People* v. *Richetti,* 302 N. Y. 290; *Matter of Bojinoff* v. *People,* 299 N. Y. 145; *People* v. *Langan,* 303 N. Y. 474; *People* v. *Guariglia,* 303 N. Y. 338.)

*Frank S. Hogan, District Attorney* (*Leonard E. Reisman* and *Charles W. Manning* of counsel), for respondent. Grounds for *coram nobis* having been conclusively refuted by the documentary proof, the motion was properly denied without a hearing. (*People* v. *Sadness,* 300 N. Y. 69; *People* v. *Daiboch,* 265 N. Y. 125; *People* v. *Gowasky,* 244 N. Y. 451; *People* v. *Chichester,* 262 App. Div. 567; *Matter of Lyons* v. *Goldstein,* 290 N. Y. 19; *People* v. *Guariglia,* 303 N. Y. 338; *People* v. *Langan,* 303 N. Y. 474; *People* v. *Richetti,* 302 N. Y. 290.)

BURKE, J. The defendant by affidavit alleges that on February 11, 1930, he pleaded guilty to grand larceny in the second degree in the Court of General Sessions, New York County, relying upon the alleged fraudulent misrepresentation of an assistant district attorney that upon a plea of guilty he would be sentenced as a second felony offender. He further alleges in paragraphs 11 (clause [d]) and 13 of the affidavit that he abandoned attempts to withdraw his guilty plea and did not appeal from his sentence, relying upon the misrepresentation of the sentencing Judge that he would receive a pardon after serving seven years' imprisonment.

Court records disclose the following facts: On April 1, 1929, after a notice of appearance was filed by Harrison & Collins as counsel, the defendant entered a plea of not guilty. Leroy Campbell, Esq., was substituted and assigned as counsel to the defendant on January 27, 1930. On January 29, 1930, a trial was commenced on the charge of grand larceny, first degree, which resulted in a mistrial. Subsequent to the guilty plea on February 11th, the defendant was arraigned for sentence on February 28, 1930, in the presence of his counsel, at which time the assistant district attorney requested an adjournment for the purpose of filing an information. The court then stated that it appeared from the report that the defendant was a fourth or fifth offender. Later, on March 11, 1930, the defendant through his attorney refused to answer when arraigned on an information read to him, charging him with three prior felony convictions, including a Federal judgment.

At the time he agreed to the plea, all the convictions were well known to the defendant, as his admissions later prove. On April 15, 1930, the information was once more read to him in the presence of his attorney, and he again remained mute. The court directed the impaneling of a jury to try the defendant on the information. After the jury was impaneled, the counsel for the defendant moved with the consent of the District Attorney to have a juror withdrawn and a mistrial declared. The defendant then admitted he was the same person mentioned in the information, but reserved the right to challenge the legal effect of the Federal conviction. The court, as required by the statute, sentenced the defendant as a fourth offender for the term of life. On the sentencing the following colloquy took place:

" The Court: I sentence the defendant to State Prison for the natural term of his life. I make this recommendation that after he has served a term of seven years in State Prison he be a subject for pardon by the Governor of the State of New York, and I add my recommendation that he receive favorable consideration, by the Governor of the State of New York, for a pardon, after he has served a term of seven years in State Prison.

" Mr. Tighe [attorney for defendant] : You hold, if the defendant were not subject to section 1942 of the Penal Law, that you would sentence the defendant to seven years for the crime he has committed.

" The Court: If the defendant were not subject to life imprisonment under the Baumes Act, I would sentence the defendant to seven years imprisonment in State Prison."

It is conceded that the defendant's commitment papers to State prison contained the recommendation of the Judge of General Sessions. On May 12, 1930, Leroy Campbell, Esq., as attorney, filed a notice of appeal which was not prosecuted. During the prison term the defendant by several applications unsuccessfully sought to have the Federal conviction adjudged a misdemeanor. Thereafter the defendant made several applications for executive clemency.

The defendant's motion for a writ of error *coram nobis* to vacate and set aside the judgment of General Sessions rendered April 15, 1930, was denied without a hearing. The Appellate Division unanimously affirmed the order denying the motion.

On this appeal the defendant contends that the Court of General Sessions erred in denying a hearing on the claim of fraud as the defendant's allegations are uncontradicted.

The mere averment of fraudulent misrepresentation is meaningless unless the averment discloses acts evidencing reliance upon the alleged misrepresentation. The record demonstrates that the defendant knew he had been convicted of three separate crimes prior to the plea. The defendant was represented by counsel on February 28, 1930, on March 11, 1930, on April 15, 1930, and on May 12, 1930. During this period he knew of his three prior convictions and was aware that the District Attorney and the court were cognizant of the convictions. The absence

of minutes showing that he was represented by counsel on February 11, 1930, the day of pleading, is not evidence that he relied upon a fraudulent misrepresentation. He knew his plea of guilty would add to his criminal record a fourth conviction. The notation on the indictment proves that the plea was taken in open court. From February 28 until May 12, 1930, both the defendant and his counsel were fully apprised by the District Attorney and the court that he was to be sentenced as a fourth offender. It is impossible to conjure even a feigned reliance in the face of these plain warnings. Hence the failure of the defendant or his counsel to allude to the alleged fraudulent misrepresentation from February 28, 1930, through May 12, 1930, although the time and the occasion were repeatedly given to the defendant to do so, is evidence rebutting even a suggestion of reliance. In his affidavit the defendant concedes that prior to sentence he abandoned reliance upon the so-called agreement. The defendant's application for a writ of *coram nobis* depends, therefore, on the alleged promise of the Judge at General Sessions that he would receive a pardon after serving seven years' imprisonment.

The allegations of the defendant are contradicted by the documentary proof and by the conduct of the defendant, his attorney, the District Attorney and the court. The allegation that all parties concerned agreed that he was a second offender and not a fourth offender is directly disproved by the notations on the indictment, and on the information and the minutes of the hearings held in 1930. The defendant's claim of judicial misrepresentation in regard to a pardon is unsubstantiated. The allegation that he attempted to withdraw his plea and that the request was denied is refuted by the minutes of the hearings which show no such request.

We said in *People* v. *Richetti* (302 N. Y. 290, 298): " A presumption of regularity exists only until contrary substantial evidence appears (*People ex rel. Wallington Apts.* v. *Miller,* 288 N. Y. 31, 33; *Galpin* v. *Page,* 18 Wall. [U. S.] 350, 365; 9 Wigmore on Evidence [3d ed.], § 2491)." Charges made in *coram nobis* are subject to the criteria relied upon in all causes to determine where the truth lies. Bare allegations not confirmed by the recorded facts and contrary to the conduct of the defendant and his attorney, are insufficient in law to warrant

the granting of a hearing. The defendant is not entitled to a hearing on charges lacking factual support. Due process does not require a court to accept every sworn allegation as true. Many sworn allegations are palpably untrue, not improbable or unbelievable, but untrue. (*Taylor* v. *Alabama,* 335 U. S. 252; *Foster* v. *Illinois,* 332 U. S. 134.) The allegations in this case fit this description.

The test is whether there is, as a matter of law, a dispute of fact which entitles the defendant to a hearing. (*People* v. *Richetti,* 302 N. Y. 290, *supra*; *Rice* v. *Olson,* 324 U. S. 786.) We have stated " that Federal due process requires no trial if the State courts be convinced, *on the record,* that there is no reasonable probability at all, that defendant's averments are true." (*People* v. *Richetti, supra,* pp. 295–296.) The record in this case " convincingly demonstrates " the falsity of the allegations. (*People* v. *Guariglia,* 303 N. Y. 338, 342.)

The defendant's version of the alleged misrepresentation of the assistant district attorney is contradicted by the clear showing of the lack of an opportunity for reliance, indeed the impossibility of reliance, in view of the personal knowledge of the defendant of his criminal career and of the warnings of the court. Therefore, there is no dispute of fact as to reliance upon the alleged misrepresentation of the assistant district attorney. The interpretation of the statement of the Judge at General Sessions as a " guaranty " of executive clemency is a mere conclusion, legally insufficient to warrant a hearing, as it raises no issue of fact but only represents an opinion of the defendant. A recommendation cannot be construed as a promise or guarantee or truly characterized as such. The language used by the court does not permit even the inference of a promise.

There is no question of due process. The defendant was assigned and was represented by counsel who had defended him at the abortive trial prior to the plea. The documentary proof shows he was informed in the presence of his counsel at three separate hearings that he was to be sentenced as a fourth offender. During 1931 and 1932 three separate habeas corpus proceedings were brought by the defendant but the habeas corpus writs were dismissed. Subsequently in 1932 and 1938 the defendant instituted proceedings in an attempt to establish that the conviction in the Federal court was not a felony convic-

tion, within the meaning of section 1942 of the Penal Law, but did not in any way complain of the alleged acts of the District Attorney or the court in reference to the charges now made. There is no question of credibility for — assuming the allegation as to the representation by the assistant district attorney to be true — the basis for belief was dissipated by the proceedings on the information. If the plea had been made in error or accepted in error, the minutes of the proceedings on the information would so state. The minutes, on the contrary, show that the defendant was to be sentenced as a fourth offender and contain neither a reference to a conditional plea as a second offender nor an attempt by the defendant to withdraw the plea. Indeed the minutes record the refusal of the defendant to take any position as to his criminal status. Here we have not only the failure to overcome the presumption of regularity but documentary proof evidencing regularity.

The Judge of General Sessions and the Justices of the Appellate Division have unanimously found that the charges have been conclusively refuted and that there is no genuine triable issue. There is more than sufficient evidence to sustain the determination. The order of the Appellate Division should be affirmed.

DESMOND, J. (dissenting). Since I see no ground for refusing this defendant a trial of his sworn allegations, I vote to remit to General Sessions with directions to hold such a trial. Defendant alleges that, when unrepresented by counsel, he pleaded guilty in reliance on a fraudulently made promise by the prosecutor that, if defendant would plead guilty, he would be sentenced as a second offender, only. *People* v. *Guariglia* (303 N. Y. 338, 343.) holds that these allegations require a trial, unless '' conclusively '' shown by documentary evidence to be false. Not only are this defendant's averments not conclusively disproven by any record, they are not even met with a direct denial. What the People did file as an answer was a collection of excerpts and notations from the indictment and from the clerk's records and the minutes of proceedings, all as of dates *after* defendant pleaded guilty. These later occurrences and circumstances, while they might make it seem probable to a trier of the facts that defendant is not telling the truth, certainly should not

deprive him even of a trial of the issue. As recently as January 9th of this year, the United States Supreme Court (*Herman v. Claudy,* 350 U. S. 116, following *Palmer* v. *Ashe,* 342 U. S. 134, 137) held that a defendant's constitutional right to such a trial could not be denied on paper showings like those in this record (see *Chessman* v. *Teets,* 350 U. S. 3 [1955]).

It is impossible for me to reconcile the decision now being made in this case with the controlling precedents of *Matter of Lyons* v. *Goldstein* (290 N. Y. 19) ; *Matter of Hogan* v. *New York Supreme Court* (295 N. Y. 92) ; and *People* v. *Richetti* (302 N. Y. 290), restated a few months ago in *People* v. *Lain* (309 N. Y. 291, 294).

The order should be reversed and the matter remitted to the Court of General Sessions for trial.

CONWAY, Ch. J., FROESSEL and VAN VOORHIS, JJ., concur with BURKE, J.; DESMOND, J., dissents in an opinion in which FULD, J., concurs; DYE, J., taking no part.

Order affirmed.