Mitchell D. Schweitzer, J.
This is an application for a writ of error coram nobis to vacate a judgment of conviction for the crime of burglary in the third degree based on the defendant’s plea of guilty, for which he was sentenced to State prison for a term of three years and six months on January 30, *497 1920. For the record, this defendant and two codefendants had . been tried and convicted on the instant indictment for the crimes of burglary in the third degree and grand larceny in the first degree. Immediately thereafter, the parties concerned in the prosecution manifested doubt as to the guilt of one of the codefendants, and a hearing was held in which this defendant, together with other witnesses, testified on behalf of the codefendant. The jury verdicts were set aside, this defendant and the third codefendant were then permitted to plead guilty to burglary in the third degree to cover the whole indictment, while the codefendant who was the subject of the hearing, was released. The defendant’s petition states that at the time he was sentenced to State prison, the Presiding Judge told him that he would not have to complete a 17-month prison term which he owed on a prior conviction. He further states that when he arrived at prison he was told by the authorities that he would have to complete his parole time before serving the sentence under this indictment. In addition, he claims that the court had promised to resentence him if he had to complete the prior prison term. He alleges he thereupon wrote Ms lawyer who contacted the judge and thereafter his attorney informed the defendant that the judge could not resentence him, but would write the Governor and ask for executive clemency. A hearing was held in this matter. A copy of the letter from the Presiding Judge (the late Honorable Otto A. Rosalsky) to the Governor of the State of New York dated July 13, 1922, was admitted in evidence. This letter, while asking for clemency on behalf of the defendant in regard to credit for the 17 months parole time, does not bear out the defendant’s assertion that he was to be given leave to withdraw his plea of guilty in the event he was required to complete the parole time (cf. People v. White, 309 N. Y. 636). In addition, the court finds that the defendant’s testimony that his plea was induced by a promise of a reduced sentence, is unworthy of belief especially in the light of the fact that the defendant admits that he was aware prior to the action taken by the court on behalf of his co defendant that after his original conviction by a jury of the crimes of burglary in the tMrd degree and grand larceny in the first degree, he could have been given a sentence of 15 years instead of three years and six months, that he, in fact, received. I am satisfied after a full hearing, that the defendant’s testimony is completely unworthy of belief and that he has not sustained the burden of proof by a preponderance of credible evidence (People v. Lensky, 1 A D 2d 831; People v. Cooper, 307 N. Y. 253; People v. Milo, 4 A D 2d 679). Accordingly, the motion *498 is in all respects denied. The District Attorney is directed to enter an order in conformance with the decision herein and to forward a copy of said order to the defendant. The clerk of the court is directed to enter an order returning the defendant to State prison.