Chief Judge Desmond (dissenting).
I dissent because I believe that defendant’s sworn allegations should be tried out in open court, not summarily dismissed without trial. At the age of 20 with no prior criminal record, he pleaded guilty to robbery, first degree, and was sentenced to imprisonment for not less than 10 years and not more than 15 years. He swears in his petition that he did not know that 10 years was the statutory (Penal Law, § 2125) minimum for the crime, that he understood the Spanish language only while his lawyer spoke only English, that he was unable to and did not discuss the case or the matter with his lawyer, and that the court was falsely informed by defendant’s lawyer that the lawyer and defendant had discussed the matter of sentence. There was a Spanish-speaking court interpreter present but, so defendant alleges, the interpreter did not translate to defendant the colloquy between the court and defendant’s lawyer. By reversing an order calling for a trial of such averments, this court holds either that, assuming them to be true, they are no basis for relief, or that they are conclusively shown by undisputable proof to be false. Neither basis is sound.
An absolute minimum of fair play and due process required that proceedings fraught with such consequences should be explained to defendant in a language he could understand by an interpreter, considered for this purpose to be an officer of the court (People v. Randazzio, 194 N. Y. 147). It was the court’s own duty, regardless of what defendant’s counsel did or failed to do, to see that this young and unsophisticated defendant with little or no knowledge of the English tongue knew the meaning and consequences of his plea. This reversal means that whether or not he in fact understood it, nothing can be done about it now since the fault if any was that of his own retained lawyer. That sets much too low a standard of performance and too small a measure of duty for our criminal court judges. I agree with the unanimous Appellate Division that defendant was entitled ‘' through the official services of the court ” to be “ made cognizant of these questions by the Judge ”. That conforms to the holding of People v. Boehm (309 N. Y. 362, 368-369) that a defendant’s inability to understand sentencing procedures is ground for coram nobis relief.
*350 The other ground put forth for denying a trial to this defendant— that his allegations are " conclusively refuted by unquestionable documentary proof” (People v. Richetti, 302 N. Y. 290, 296) so that there “ is no reasonable probability at all that defendant’s averments are true” (People v. Guariglia, 303 N. Y. 338, 343) —is entirely inappropriate here. There are not and cannot be any records which ‘' conclusively refute ’ ’ petitioner’s sworn allegations that because of the language difficulty he did not know what was going on. Defendant’s sworn assertions are certainly not “ palpably untrue ” (People v. White, 309 N. Y. 636, 641) and there is no fair way of determining their truth or falsity except by the time-honored and time-tested method of a trial of the fact in open court.
The order appealed from should be affirmed.
Judges Dye, Fuld, Froessel, Van Voorhis and Foster concur with Judge Burke; Chief Judge Desmond dissents in a separate opinion.
Order of the Appellate Division reversed and that of the County Court reinstated.