James E. Mulcahy, J.
This is a motion for a writ of error coram nobis to vacate a judgment of conviction, by confession, for the crime of robbery in the second degree entered on June 7, 1950 before Hon. Judge Geobge L. Donnellaet. The defendant had been indicted with two other persons. In his moving papers the defendant states that he had pleaded guilty to robbery in the second degree on April 27,1950 and had been represented by counsel, William W. Kleinman.
The defendant claims that he had been induced to plead guilty on the advice of counsel in that the court was to impose a sentence of from 5 to 10 years if he pleaded guilty to the crime of robbery in the second degree.
Prior to sentence the defendant pleaded guilty to an information charging him with having been previously convicted of the crime of robbery in the second degree. The court then mistakenly imposed a sentence of from 5 to 10 years in State prison.
This error having been discovered after the attorney had left the courtroom, the court then had the defendant recalled to the courtroom, advising him that sentence was adjourned to the following day as the court was Avithout power to impose a sentence of from 5 to 10 years and that under section 1941 of the Penal Law, the court Avould have to impose a minimum sentence of not less than 7% years. Arrangements Avere made to sentence the defendant on the following day.
On June 7, 1950, the following day, the defendant appeared before Judge Dounellaet by M. Sattler, an associate of Klein- *957 man, to represent him at the resentence proceedings. The court then vacated the original sentence of from 5 to 10 years which was imposed one day earlier, and resentenced the defendant to from 7% to 10 years in State prison.
The defendant now having engaged the services of another attorney, alleges that the court improperly and illegally vacated the original sentence promised to him and instead imposed a new sentence of from 7% to 10 years.
Allegations are also made by the defendant that the court did state off the record to the defendant’s counsel, Kleinman, at the time of entry of the plea of guilty on April 27, 1950 that if the defendant and all the codefendants would plead guilty, then the court would impose the same 5 to 10 years sentence on all defendants in this case and that such promise or representation was conveyed to the defendant through Kleinman and that, in reliance thereon, the defendant was thereby induced to plead guilty. The defendant claims that he should have been afforded the opportunity to withdraw his plea of guilty on June 7, 1950 instead of being given a more substantial sentence in the absence of his attorney, Kleinman.
The stenographic minutes of June 7, 1950 indicate that when the defendant was rearraigned, one M. Sattler, an associate of Kleinman, appeared for the defendant. The defendant was asked if he had anything to say why judgment of the court should not be pronounced against him according to law. The court then reviewed the prior sentence given and gave its reason for imposing a new sentence.
In the stenographer’s minutes the court having been advised that one Sattler was representing the defendant in place and instead of his associate Kleinman, the court said as follows:
court : “ Now, are you satisfied to have Mr. Sattler, the associate of Mr. Kleinman represent you for the purpose of sentence? ”
defendant : “ Yes, sir.”
The court then vacated the sentence imposed on June 6 and sentenced the defendant to from 7% to 10 years in State prison.
The defendant now claims that he objected to Sattler’s substituting for Kleinman and that after Sattler had said to him there would be no change in the sentence of June 6, 1950, he expressed satisfaction with Sattler’s appearance on June 7,1950. The defendant asserts that the court had made a specific promise to Kleinman and not to Sattler. Therefore, Sattler was not in a position to remind the court of the Judge’s original promise to Kleinman.
*958 This does not square with the record. On a prior motion for a writ of error cor am nobis, a hearing was held on June 25, 1955 before the Hon. Judge Louis J. Capozzoli and the following was elicited from the defendant in relation to his plea of guilty: court : “ Did you have a conversation with the Judge ? A. No.”
court : “ In other words the only conversation that you had with respect to the sentence that you might get was with your attorney, Mr. Kleinman? A. Yes, sir.”
court : “ Did he say ‘ The Judge told me he would give you five to ten ’? A. No; no sir.”
court : ‘ ‘ Did he say that the District Attorney 1 promised me that he would get the Judge to give you 5 to 10 ’? A. No.” dependant : ‘ ‘ I mean I hired this lawyer to defend me, and he told me that I would get a five to ten, and that was all. ’ ’ court : “ Did Mr. Kleinman, or Mr. Sadler, or anybody else that represented you in that plea, ever tell you that he had made a bargain with anybody, with the District Attorney or with the Judge, or with anybody with respect to your sentence ? A. He didn’t say it in exactly any specific words, but he says that1 you would be sentenced as a first offender and you would receive a five to ten.’” “ Now, if he took it upon himself to say this, then I don’t know, but I don’t know if he spoke to a DA or to a Judge.”
In People v. Hemmerich (3 A D 2d 953) a prisoner after having served part of a sentence of from 2% to 5 years, returned for resentence because it was discovered that he had to be sentenced as a second felony offender and the court imposed a new sentence. The defendant there alleged this procedure was a violation of his constitutional rights in that the court and the District Attorney knew that he was a second felony offender and that a minimum sentence of five years was mandatory.
The Appellate Court held that the court, the District Attorney, and defense counsel all had made an honest mistake in the imposition of an erroneous sentence of from 2% to 5 years and that when the defendant appeared for resentence, with counsel, he was given the opportunity to withdraw his plea of guilty and was advised of the correct minimum sentence of from 5 to 10 years. He elected to let his plea of guilty stand with full knowledge of what the new sentence would be. Here, the defendant had been asked prior to the imposition of sentence if he had anything to say, inasmuch as the original sentence of June 6, 1950 was being vacated and that he was being given on June 7, 1950, the sentence of from 7% to 10 years.
*959 Neither the defendant nor his counsel, an outstanding member of the Bar, objected, nor did they disclose to the court that there had been an unfulfilled promise made of a specific sentence to be given to the defendant at the time of his guilty plea to the crime of robbery in the second degree (see People v. Howe, 13 A D 2d 556).
The court may always correct its own errors to abide by the statutes under which it is empowered to act. Further, the record here does not assist the defendant but conclusively refutes his unsupported recollection (see People v. White, 309 N. Y. 636, 641; People v. Picciotti, 4 N Y 2d 340, 344, 345).
There is no supporting affidavit by the attorney to whom defendant now alleges a sentence promise was made (this may be because defendant recalls his testimony indicating that in fact no promise was made to the attorney by anyone), and there are no other allegations sufficient to warrant a hearing (People v. Sullivan, 4 N Y 2d 472, 474). The court is convinced, on the record, ‘1 that there is no reasonable probability at all, that defendant’s averments are true ” (People v. Richetti, 302 N. Y. 290, 295, 296). The record in this case “ convincingly demonstrates ” the falsity of the allegations (People v. Guariglia, 303 N. Y. 338, 342). The motion is denied.