Milton A. Wiltsie, J.
On June 6,1941, the defendant entered a plea of guilty to the crime of forgery in the second degree. He was thereupon charged by information with being a second felony offender and admitted that he was the person named in same. On June 23, 1941, he was sentenced as a second felony offender to imprisonment in Attica State Prison for a term of not less than 10 nor more than 20 years.
By an application dated April 25, 1961, which was considered in the nature of a petition for a writ of error coram *178 nobis, the defendant sought to have the judgment of conviction for forgery in the second degree, and his sentence as a second felony offender vacated; and also asked that he be resentenced.
In these connections, he asked for a hearing. A hearing was held on July 5, 1961, at which time he was represented by assigned counsel.
Besentence was sought by the defendant because of his allegations that sections 471 and 480 of the Code of Criminal Procedure had not been followed. At the time of the appearance of the defendant on July 5, 1961, his request for a resentence on those grounds was granted. After complying with the sections above mentioned, he was then sentenced, nunc pro tunc, to the same term of imprisonment that was imposed on June 23, 1941.
With reference to the defendant’s other demand, that the judgment of conviction for forgery in the second degree and his sentence as a second felony offender be vacated, it was stipulated by counsel for the defendant and the District Attorney that, if the defendant were then called to testify, his testimony would be the same as the allegations set forth in the moving papers. Consequently, the defendant did not testify, but the contents of the petition are considered here as testimony. The District Attorney called no witnesses.
The defendant claims that attorney Sidney B. Cooper, now deceased, visited him at the Jefferson County Jail before his plea of guilty to forgery in the second degree, and told him that the Assistant District Attorney had represented that if restitution of the amount of money involved in the forgery charge were made, that it would be reduced to a lesser crime. The defendant also contends that the District Attorney, Carl Hynes, now deceased, told him before he entered a plea of guilty to forgery in the second degree, that he could not reduce the charge, but he would be given a suspended sentence if he entered a plea of guilty, because restitution had been made. Attorney Cooper"was present in court with the defendant when he entered a plea of guilty to forgery in the second degree, and at all other times that he appeared, including the day that he was sentenced as a second felony offender.
As to Mr. Cooper’s conversation with the defendant at the county jail, it has been held that the remedy of coram nobis is not available in a situation where the appellant claims he was misled by counsel. (People v. Vance, 7 A D 2d 661.)
With regard to the defendant’s claim that the District Attorney misled him into believing that he would receive a suspended sentence if he entered a plea of guilty to forgery in the second degree, it should be mentioned in the first instance that the *179 defendant has waited a period of 20 years before mentioning this alleged promise. In the year 1947, the defendant applied for a writ of error coram nobis in this court, but did not raise the question of any fraudulent representation by the District Attorney. At that time, he sought only to have his first felony conviction in 1940 set aside, which was denied.
The conclusion is reached, that the defendant’s testimony regarding misrepresentation on the part of the District Attorney should not be given credit, in view of all of the circumstances set forth above. (People v. Lensky, 1 A D 2d 831; People v. De Vore, 14 A D 2d 469.)
The defendant has failed to overcome the presumption of regularity that attaches to the proceedings in this court in J une of 1941. (People v. White, 309 N. Y. 636.)
The relief asked by the defendant, namely, to vacate the judgment of conviction for forgery in the second degree, and his sentence as a second felony offender, should be denied.