James E. Mulcahy, J.
This is a motion for a writ of error coram nobis to vacate a conviction by voluntary plea of guilty to the indictment charging the crimes of robbery in the first *881 degree, grand larceny in the first degree, assault in the second degree, and criminally carrying concealed a loaded pistol and criminally possessing a pistol after prior conviction. The court, Capozzoli, J., sentenced the defendant for a term of not less than 10 years nor more than 15 years in State prison under the robbery count and suspended sentence on the remaining four counts.
The moving papers assert that defendant and another codefendant, Joseph Lough, the brother-in-law of Louis Corrales, desired to plead guilty to robbery in the third degree, an offer made to them by the District Attorney, but were frustrated in doing so by a codefendant, Lionel Corrales, a brother of the defendant who insisted on proceeding to trial. The claim is made that as a result of Lionel Corrales’ obstinacy, the defendant and Joseph Lough were forced to trial and were penalized by being required to plead guilty to the entire indictment at the end of the People’s case. Thereafter, after a witness testified on behalf of Lionel Corrales’ case, the District Attorney permitted Lionel Corrales to plead guilty to robbery in the third degree.
The defendant states that this was the original offer that had been made by the District Attorney to all three defendants.
On October 20, 1955, the defendants Louis Corrales and Joseph Lough, being arraigned for sentence, applied for a withdrawal of their earlier pleas of guilty to the entire indictment because of the foregoing facts. The District Attorney consented in permitting Joseph Lough to withdraw his guilty plea and plead guilty to robbery in the second degree. However, the District Attorney opposed defendant’s application to withdraw his plea of guilty to the indictment and be permitted to plead guilty to a lesser charge. The court noted its concern with the different pleas but stated that since the District Attorney opposed the recommendation, the court could not allow the defendant to withdraw his plea.
The defendant alleges that his complaint is based upon the District Attorney’s “ paradoxical action in permitting Lionel Corrales to plead to third degree robbery after he had earlier promised, represented and stipulated” that “no reduced plea would be forthcoming or extended to any defendant unless all three defendants so pleaded.”
The defendant attacks the manner in which the conviction was secured and implies that such proceedings cast a blemish of fraud.
This is taken by the defendant, in his interpretation, to mean ‘ ‘ that in the event a plea to a reduced crime was later accepted *882 by Lionel Corrales, deponent would be allowed to withdraw his plea
There has been submitted in opposition to this motion the affidavit of the Assistant District Attorney who handled the trial of this matter, in which he denies having given any promise as indicated by the defendant.
The courts have held that, under coram nobis, upon a plea of guilty and sentence having commenced, there is inherent power “ to reopen its judgment where the same was based upon trickery, deceit, coercion or fraud and misrepresentation in the procurement of the plea upon which the judgment was based ” (Matter of Lyons v. Goldstein, 290 N. Y. 19, 26)
or upon a mutual mistake by all the parties concerned (People v. Englese, 7 N Y 2d 83).
The courts have also permitted withdrawals of pleas of guilty where there was an unfulfilled promise of the court (People v. Sullivan, 276 App. Div. 1087) or of the District Attorney (People v. Freeman, 7 A D 2d 960).
Therefore, in view of the record of this case, can the court say that there was a promise, the nature of which comes within the expanding ambit of coram nobis? (See People v. Hill, 9 A D 2d 451, affd. without opinion 8 N Y 2d 935.)
Here, the defendant in pleading to the entire indictment might very well have expected a lower sentence than the one imposed, but such surprise standing alone is not such 1 ‘ manifest injustice” as to require a vacatur of judgment. (United States v. Parrino, 212 F. 2d 919 [C. C. A. 2d], cert, denied 348 U. S. 840; also, see United States v. Shillitani, 16 F. R. D. 336 [U.S. Dist. Ct., S. D. N.Y.].)
The defendant alleges that his plea was induced by fraud and trickery by the District Attorney; however, the record conclusively refutes such a position. The defendant’s own counsel, at the time of sentence acknowledged that the District Attorney had offered to accept a plea to robbery in the third degree “prior to trial” but would “not accept any plea of guilty * * * unless all three defendants pleaded guilty to some crime”. However, the attorney further states that the defendant was forced to trial not by any act or misconduct of the Assistant District Attorney, but “ but by another codefendant’s reticence to plead ”.
Counsel for another defendant (Lough) who also pleaded to the indictment stated that the plea was taken because 11 we were constrained, in order to avoid a conviction to robbery in the first degree, which would give no discretion on sentence to take a plea to the entire indictment ”.
*883 Later this defendant (Lough) was permitted to withdraw his plea and plead guilty to robbery in the second degree because the District Attorney was of the opinion that he did not appear to be implicated in the crime to the same extent and was merely “ following the orders of ” the defendant and because the court had adequate scope of punishment.
On the other hand, the District Attorney was of the opinion, upon the evidence before the trial court, that the defendant here was the moving force in the crime and had threatened to kill the complaining witness while armed with a gun.
At the same time, the District Attorney permitted the third defendant (Lionel Corrales) to plead to a lesser degree of the crime as the District Attorney indicated 1 ‘ that there were certain inherent weaknesses in the case against ” the defendant Lionel Corrales.
On that sentence hearing, the court denied application to the defendant here to withdraw his plea and plead to a lesser degree inasmuch as the court was without power to accept a plea over the objection of the District Attorney. (Matter of McDonald v. Sobel, 272 App. Div. 455, affd. 297 N. Y. 679.)
This record reveals the offer of a plea by the District Attorney to all three defendants and their rejection of that plea was evidenced by the commencement of the trial when one defendant held out and declared his innocence. This condition, although resulting in the defendant’s coming to trial, can hardly be blamed upon the Assistant District Attorney who then proceeded to present evidence to the trial jury.
Here the record conclusively demonstrates the falsity of the allegations. The averments by the defendant were all disclosed and revealed at the time of sentence. The assertion at this date that the defendant’s plea of guilty was entered on a promise made by the District Attorney, is refuted by the sentencing minutes. The court and the attorneys for the defendants at that time presented the problem of different pleas between the codefendants to the attention of the District Attorney and a full disclosure was made by the District Attorney as to reasons why lesser pleas were recommended to the othef codefendants. The defendant cannot now move for coram nobis relief as to the facts which were known at the time of judgment. (People v. White, 309 N. Y. 636.) The motion is denied.