■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWIN PEARSON, Appellant.— Appeal from an order of the County Court of Albany County which denied without a hearing petitioner's application for a writ of error *coram nobis* to vacate a judgment of conviction rendered upon his plea of guilty

to the crime of burglary in the third degree for which he was sentenced as a third felony offender. The petition alleges that he entered the plea through fear induced by threats made by the District Attorney on two occasions that "he would make sure that petitioner was convicted and given a sentence of 15 years to life as a fourth offender" if he insisted upon a trial. He asserts that as a nonresident layman, unfamiliar with New York statutes, he was unaware of the possible impact of three previous convictions obtained in Canada upon his status in the sentencing process and that he was deceived by false statements knowingly made by the prosecuting officer in respect to their significance. The affidavit of the District Attorney submitted in opposition to the petition denies that the plea was procured by threats or coercion on his part. He states that he advised defendant that "any previous felonies with [of] which he had been convicted would be used pursuant to the laws of the State of New York in computing the sentence to be imposed" upon his conviction either by plea or after a trial but made no "representation as to the number of felonies with [of] which defendant had been convicted". Defendant was represented by court-assigned counsel when he entered the plea. The record contains a stenographic transcript of the minutes of the proceeding upon the plea and sentence which indicates that the following colloquy between the court and defendant took place: "THE COURT: You understand that by pleading guilty to the first count of this indictment charging burglary in the third degree, you are admitting the commission of the crime charged and you can be sentenced without any further procedure of this Court? THE DEFENDANT: Yes. THE COURT: Do you fully understand that? THE DEFENDANT: Yes. THE COURT: You are entering this plea of your own free will and volition? THE DEFENDANT: Yes." That the plea of guilty was entered freely and voluntarily and not through coercion or intimidation is demonstrated by appellant's own admission, documentarily proved. (*People* v. *White,* 309 N. Y. 636.) Conclusory allegations that his counsel "allied himself" with the District Attorney to bring about his conviction and was unmindful of his professional duty are unsubstantiated. The application was properly denied. Order unanimously affirmed, without costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Taylor, JJ.