■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HERMAN JOSHUA WOODCOCK, Appellant.— Order reversed and matter remitted to Chautauqua County Court for a hearing, in accordance with the memorandum. Memorandum: There should be a hearing in this *coram nobis* proceeding. Appellant is now serving a sentence of one day to life imposed in Chautauqua County in November, 1959 following his conviction of a violation of section 483-b of the Penal Law. The crime charged was raised from a misdemeanor to a felony with the ensuing sentence by virtue of a prior conviction in September, 1958 of a misdemeanor in violation of section 483 of the Penal Law. The latter conviction arose out of acts committed in 1953 — some five years before the misdemeanor plea in 1958. During those years defendant was confined in a State hospital for the criminal insane pursuant to order of the court where the indictment was pending upon a finding that appellant was incapable of understanding the charge or making his defense. (Code Crim. Pro., § 872.) In the course of the latter proceeding it was stated in writing by one psychiatrist that defendant was insane at the time of the commission of the crime. It is not clear whether that fact was known to the court and prosecutor at the time of the acceptance in 1958 of the reduced misdemeanor plea. Upon the hearing to be had the burden will be upon appellant of showing " that there was evidence available to the People that he was insane at the time of the commission of the crime, or that such evidence was suppressed by the prosecutor." (*People* v. *Diel*, 13 A D 2d 840; see, also, *People* v. *Zochowski*, 16 A D 2d 669.) All concur except Henry, J., who dissents and votes to affirm in the following Memorandum: Appellant's petition contains no allegations of fact which support his claim for relief in *coram nobis*. It is insufficient in law to warrant the granting of a hearing. (*People* v. *White*, 309 N. Y. 636, 640, 641.) (Appeal from order of Chautauqua County Court denying motion to vacate judgment of conviction for carnal abuse of a child, a felony, rendered January 4, 1960.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALBERT J. MARRONE, Appellant.— Judgment insofar as it convicts the defendant under count one of the indictment reversed on the law and facts and a new trial granted as to that count and otherwise judgment affirmed. Memorandum: There was not sufficient corroboration of the testimony of the accomplices under count 1 of the indictment. All concur, except Goldman, J., who dissents as to the reversal and votes for affirmance. (Appeal from judgment of Oneida County Court convicting defendant of burglary, third degree, and grand larceny, first degree.) Present — Williams, P. J., Bastow, Goldman, Halpern and Henry, JJ.