Memobandum. Order reversed and petition dismissed in the following memorandum: In this
 
 coram nobis
 
 proceeding the petitioner charges that, in requesting permission to withdraw his plea of ‘
 
 ‘
 
 not guilty ’ ’ to the indictment, he relied on a promise of the Trial Judge allegedly made to his attorney as to the limits of sentence that would be imposed. However, an examination of the trial minutes at the taking of his plea discloses that the court made no promise as to sentence that would be imposed in exchange for a plea.' It also appears from the minutes of sentence that counsel for defendant, in open court, freely conceded in reply to direct questions by the Trial Judge that no promise was ever made as to the sentence that would be imposed, other than to indicate that “ the range ” would be from 3 years and 9 months to 4 years, up to a minimum of 19 years, to a maximum of 20 years, thus cutting down the possible maximum punishment from 30 to 20 years. The sentence actually imposed, for a term of
 
 ‘1
 
 fourteen years minimum and fifteen maximum ’ ’ on the second count only, was within the indicated range. No sentence was imposed on the first count. Nothing in the affidavits as filed, in face of the unquestioned documentary proof, raises an issue of fact requiring a hearing (cf.
 
 People v. Scott,
 
 10 N Y 2d 380).
 
 “
 
 Bare allegations not confirmed by the recorded facts and contrary to the conduct of the defendant and his attorney, are insufficient in law to warrant the granting of a hearing.
 
 *667
 
 * * * Due process does not require a court to accept every sworn allegation as true.”
 
 (People
 
 v.
 
 White,
 
 309 N. Y. 636, 640-641, cert. den. 352 U. S. 849.)
 

 Judges Dye, Van Voorhis, Burke and Scileppi concur in Memorandum; Chief Judge Desmond and Judges Fuld and Foster dissent and vote to affirm upon the memorandum at the Appellate Division.
 

 Order of the Appellate Division reversed and that of the then Court of General Sessions reinstated in a memorandum.