Joseph A. Brust, J.
Motion for an order, pursuant to article 78 of the Civil Practice Law and Rules, directing respondent, Commissioner of the Department of Correction, to make available, for inspection and copying, records pertaining to petitioner’s confinement during the periods June 14, 1955 through October 24, 1955, and April 18, 1956, through June 17, 1956, is granted. It appears that petitioner seeks these records for use in a coram nobis proceeding to be instituted. Respondent contends that the procedure herein utilized is improper and that the relief sought is available in the coram nobis or habeas corpus proceeding to be commenced. As to respondent’s first contention, it does not appear that any proceeding, other than that herein utilized, is available. Petitioner is charging that a government official is refusing him access, by order, to records which he has a right to inspect. Clearly this court has the power *242 to grant such relief, particularly insofar as section 623 (4)-8.0 of the Administrative Code of the City of New York, which mandates respondent to maintain records of inmates of institutions within her jurisdiction, specifically provides that such records ‘ ‘ shall be public and open to public inspection ”. Though the records herein requested do not fall specifically within the type enumerated in that section, nonetheless the section does indicate, generally, the legislative intent in this area. As to respondent’s second argument, forcing petitioner to attempt to obtain the records in the proceeding to be instituted would result in imposing upon him an unnecessary risk. If, on the papers first presented to the court in that application, sufficient facts and a sufficient basis for granting the relief sought are not presented, the court may dismiss the proceeding (People v. White, 309 N. Y. 636; cases collected in Paperno and Goldstein, Criminal Procedure in New York, § 437).