■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. QUEEN ANN OULDS, Appellant.— Order of the Supreme Court, Kings County, entered September 6, 1966, which denied without a hearing defendant's *coram nobis* application, affirmed. There are no facts presented to support the conclusory allegations in the petition (see *People* v. *Bellucci*, 13 N Y 2d 665; *People* v. *White*, 309 N. Y. 636, 640–641). Beldock, P. J., Christ, Brennan, Rabin and Munder, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DAVID WYNN, Appellant.— Order of the Supreme Court, Kings County, dated January 12, 1967, reversed, on the law, and proceeding remanded to the trial court for the sole and limited purpose of making specific findings on the issue of the voluntariness of defendant's alleged confession, with the question of whether a further or *de novo* hearing is required left to the discretion of the trial court (*People* v. *Sykes*, 22 N Y 2d 159). No questions of fact were considered on this appeal. Beldock, P. J., Christ, Brennan, Rabin and Munder, JJ., concur.

THIRD DEPARTMENT, SEPTEMBER 1968

(September 5, 1968)

■ HARRY J. WEVER, Plaintiff, v. LENSTYLE CONSTRUCTION CORPORATION, Appellant, and C. M. GRIDLEY & SON, INC., Respondent, et al., Defendants.— Motion for stay granted, without costs, upon condition that the undertaking furnished to discharge respondent's lien remain in effect pending determination of the appeal and upon the further condition that appellant file an additional undertaking prescribed by CPLR 5519 (subd. [a], par. 2) in the sum of $2,500, as security for payment of interest and costs directed to be paid by the judgment. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur.

(September 12, 1968)

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. DAVID KAUFFMAN, Petitioner, v. CHARLES L. McKENDRICK, as Warden of Wallkill Prison, Respondent.— Application, pursuant to CPLR 7002 (subd. [b], par. 2), for a writ of habeas corpus denied for failure of compliance with article 70 of the CPLR, and more particularly with the provisions of 7002 (subd. [c], par. 6) thereof, and as otherwise insufficient on its face. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN WRIGHT, Petitioner, v. KENNETH GOODSPEED, as Sheriff of Essex County, Respondent.— Application, pursuant to CPLR 7002 (subd. [b], par. 2), for a writ of habeas corpus denied for failure of compliance with article 70 of the CPLR, and more particularly with the provisions of 7002 (subd. [c], pars. 1, 6) thereof, and as otherwise insufficient on its face. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur.