THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALPHONSO WILLIAMS, Appellant.

Fourth Department, October 28, 1971.

*Nathaniel A. Barrell (Douglas S. Cream* of counsel), for appellant.

*Michael F. Dillon, District Attorney (William H. Dillon* of counsel), for respondent.

DEL VECCHIO, J. P. The sole question presented is whether defendant is entitled to a *coram nobis* hearing upon a petition filed in 1970 alleging that he was not advised of his right to appeal from a judgment of conviction entered in 1959, notwithstanding this allegation is refuted by his own affidavit signed in 1962, by his subsequent statement signed in 1965 and by affidavit of one of his attorneys stating that defendant was advised of his right to appeal but made the choice not to exercise that right because he was satisfied with the sentence. The Erie County Court denied the application without a hearing and for reasons which follow we affirm the order.

Court records disclose that defendant and two others were jointly indicted, tried and convicted of felony murder with a recommendation of leniency. The defendants were sentenced simultaneously to Attica State Prison for life. On the trial, at which defendant was represented by two competent attorneys, the Peo-

ple put into evidence a question and answer statement in which defendant admitted that he participated in the robbery while armed and shared in the proceeds. He did not testify in his own behalf and offered no defense. Each codefendant separately filed his own notice of appeal, but the appellant herein filed none. In February, 1962 his codefendants were granted a new trial. (*People* v. *Robinson,* 16 A D 2d 184.)

On May 21, 1962 defendant gave his attorney an affidavit stating that he did not appeal because he was satisfied with the trial, his attorneys' representation and the verdict. Thereafter the indictment was moved for trial against the other two defendants; they were again convicted of murder first degree and sentenced to death.

The present *pro se* petition dated April 9, 1970 alleges that defendant was never advised of his right to appeal and had he been so advised he would have appealed. To his answering affidavit the District Attorney attached a photostatic copy of defendant's 1962 affidavit above mentioned, a document produced by one of his attorneys refuting his present allegations, together with an affidavit from his trial counsel stating the following: that immediately after the conviction and sentence in 1959 he advised defendant of his right to appeal, that if a new trial were granted and he were convicted a second time a possible death sentence might result and that defendant would have to decide whether or not he wished to appeal; that defendant subsequently advised him that he was satisfied with his life sentence and did not wish to appeal; that later, upon being informed that the codefendants had been again convicted and sentenced to death, defendant was extremely happy with his decision not to appeal; and that, in addition to the statement in 1962, defendant signed a statement in December, 1965 at Attica State Prison which reiterated his original decision not to take an appeal.

*Defendant does not deny making the statements he signed in 1962 and 1965,* when there was no motive to falsify, to the effect that he was cognizant of his right to appeal and intentionally waived that right because he was satisfied.

We recognize that the assertion by a defendant that he was not informed of his right to an appeal after trial ordinarily would require a hearing to determine that question (*People* v. *Montgomery,* 24 N Y 2d 130). Nevertheless, '' bare allegations not confirmed by the recorded facts and contrary to the conduct of the defendant and his attorney, are insufficient in law to warrant the granting of a hearing. * * * Due process does not require a court to accept every sworn allegation as true.'' (*Peo-*

*ple* v. *Vellucci,* 13 N Y 2d 665, 666–667, quoting from *People* v. *White,* 309 N. Y. 636, 640–641, cert. den. 352 U. S. 849.)

In the circumstances of this case, we conclude that defendant's present assertions are conclusively refuted by unquestionable documentary proof that he was aware of his right to appeal and could have filed a notice of appeal had he so desired. He chose, however, not to appeal, thereby avoiding the possibility of a death sentence — a strategy which appears entirely reasonable in view of his incriminating statements produced on the first trial and the subsequent fate of his codefendants on the retrial. Having made that election, he should not now be heard to complain. (*People* v. *Lynn,* 28 N Y 2d 196, 201–202; *People* v. *Lampkins,* 21 N Y 2d 138, 27 N Y 2d 848.)

Furthermore, we are convinced on the record that there is no reasonable probability that his present allegations are true. His 1962 affidavit, confirmed by his 1965 statement and corroborated by his attorney's affidavit, shows that they are false and that no genuine triable issue is presented.

As the court said in *People* v. *White* (*supra,* pp. 640–641): " Charges made in *coram nobis* are subject to the criteria relied upon in all causes to determine where the truth lies. Bare allegations not confirmed by the recorded facts and contrary to the conduct of the defendant and his attorney, are insufficient in law to warrant the granting of a hearing. The defendant is not entitled to a hearing on charges lacking factual support. Due process does not require a court to accept every sworn allegation as true. Many sworn allegations are palpably untrue, not improbable or unbelievable but untrue. (*Taylor* v. *Alabama,* 335 U. S. 252; *Foster* v. *Illinois,* 332 U. S. 134.) " As in *White,* " the allegations in this case fit this description." (p. 641).

The facts presented by the record before us make inapplicable the statement in *People* v. *Lynn* (*supra*) quoted in the dissenting opinion (and see CPL 460.30).

The order denying the motion without a hearing should be affirmed.

CARDAMONE, J. (dissenting). The denial of the writ of error *coram nobis* without a hearing on defendant's contention that he was not advised of his right to appeal and that such right was unknown to him deprives this defendant of due process, his allegation not being " conclusively refuted by unquestionable documentary proof ". (*People* v. *Langan,* 303 N. Y. 474, 477, citing *People* v. *Richetti,* 302 N. Y. 290, 296.) At issue is whether the affidavit of this defendant which his attorney prepared following trial, in which the defendant states that he did not appeal

because he "'.was satisfied'", constitutes such unquestionable documentary proof as to deny this defendant a hearing. The affidavit of the defendant, even assuming he made it, is merely evidence of an admission, which he may always explain by his own testimony or other evidence relating to the apparent inconsistency between the alleged admission made six years ago and his present claim. (Richardson, Evidence [9th ed.], § 306.) This affidavit is not a formal judicial admission which dispenses with the production of evidence by conceding the truth of the fact in dispute. (Richardson, *supra*, § 294.) Improbable or unbelievable though the allegations may seem — though they may tax credulity — the defendant is entitled to a hearing where he may support his present contention by evidence taken in the usual way. (*Walker* v. *Johnston,* 312 U. S. 275, 287.) To deny defendant a hearing on this issue upon the presentation of affidavits, untested in a court of law, is to deny him due process (*People* v. *Richetti,* 302 N. Y. 290, 296, *supra*).

As the Court of Appeals stated in *People* v. *Lynn* (28 N Y 2d 196, 202) "Accordingly * * * we held in *Montgomery* that a defendant, after trial, must be informed of his right to an appeal and *upon his mere assertion* that he was not informed of such a right, a hearing should be had to determine that question" (emphasis furnished). The defendant is entitled to such a hearing on the controverted allegations of his petition.

In *People* v. *Vellucci* (13 N Y 2d 665) and *People* v. *White* (309 N. Y. 636) relied on by the majority as authority for denying defendant an opportunity to try out at a hearing the issues raised, the court was careful to point out in each case that the record itself convincingly demonstrates the falsity of the allegations of the petition. Unlike *Vellucci* and *White,* there is nothing here which demonstrates " on the record that there is no reasonable probability at all that defendant's averments are true ". Untested affidavits, which defendant has had no opportunity to explain or contradict in a judicial proceeding, do not constitute such a conclusive demonstration of the falsity of the allegations of the petition as to permit denial of a hearing (*People* v. *Picciotti,* 4 N Y 2d 340).

MOULE and HENRY, JJ., concur with DEL VECCHIO, J. P.; CARDAMONE, J., dissents and votes to reverse the order and grant a hearing in an opinion in which MARSH, J., concurs.

Order affirmed.