832

■ In the Matter of the Estate of RUDOLPH YELEN, Deceased. GEORGE J. KENT, Appellant; JACQUES YELEN, Respondent.— Decree of the Surrogate's Court, Queens County, dated July 7, 1971, affirmed, without costs. No opinion. Latham, Acting P. J., Shapiro, Gulotta and Christ, JJ., concur.

■ In the Matter of the Estate of RUDOLPH YELEN, Deceased. DAVID WAINAPEL, Appellant; JACQUES YELEN, Respondent.— Motion by respondent to dismiss appeal of David Wainapel from a decree of the Surrogate's Court, dated July 7, 1971. Motion granted and said appeal dismissed, without costs, in view of the disposition of *Matter of Yelen* (38 A D 2d 832) decided herewith. Appellant Wainapel concedes that his position and the position of appellant George J. Kent were the same with regard to the decree appealed from. Latham, Acting P. J., Shapiro, Gulotta and Christ, JJ., concur.

■ JERRY R. KROLL, Appellant-Respondent, v. IRWIN S. REVER, Respondent-Appellant.— Order of the Supreme Court, Nassau County, dated September 16, 1970, affirmed insofar as it denied defendant's motion in part; and order of the same court, dated October 22, 1970, affirmed insofar as it adhered to the original determination granting defendant's motion in part. No opinion. Appeal by plaintiff from the portion of said order of September 16, 1970 which granted defendant's motion in part dismissed as academic. That portion of the order was superseded by the order of October 22, 1970, which granted plaintiff's motion for reargument as to that part of defendant's motion. No costs are granted on these appeals to either party. Munder, Acting P. J., Martuscello, Gulotta, Brennan and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE AIKEN, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Kings County, dated November 17, 1969, which denied the application without a hearing. Order affirmed. In his petition, defendant alleged that he was not advised of his right to appeal from the judgment of conviction attacked by this proceeding, which judgment was rendered on October 29, 1948. The judgment convicted him of attempted burglary in the third degree, upon his plea of guilty. Defendant requested a hearing on this issue pursuant to *People* v. *Montgomery* (24 N Y 2d 130) and a resentence *nunc pro tunc* as of October 29, 1948 so that his time to appeal would run anew. He further requested that he be given the opportunity to represent himself at such hearing. However, the record indicates that he was resentenced on November 6, 1968, *nunc pro tunc* as of October 29, 1948, for this conviction due to the failure of the trial court, at the time of the original sentence on October 29, 1948, to give him the allocution mandated by section 480 of the Code of Criminal Procedure. An appeal was taken from that judgment of resentence and this court affirmed (*People* v. *Aiken*, 32 A D 2d 889). Consequently, defendant's contention is without merit. Munder, Acting P. J., Martuscello, Latham, Shapiro and Brennan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN BEUTHER, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Kings County, dated September 9, 1970, which denied the application without a hearing. Order affirmed. In our opinion a hearing was not warranted (*People* v. *White*, 309 N. Y. 636). The Criminal Term made sufficient inquiry and took appropriate precautions before accepting the guilty plea (see *People* v. *Serrano*, 15 N Y 2d 304, 310). Appellant's participation resulted in his being indicted for murder. His plea to manslaughter in the first degree was clearly the fruit of calculated self-preservation rather than coerced altruism (see *North Carolina* v. *Alford*, 400 U. S. 25). Munder, Acting P. J., Martuscello, Latham, Shapiro and Brennan, JJ., concur.