■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT ROBINSON, JR., Appellant.— Order, Supreme Court, New York County, entered on April 13, 1971, denying, without a hearing, defendant's application in the nature of a writ of error *coram nobis* to vacate his resentence as a multiple felony offender, affirmed. Defendant's claim, similarly asserted on the prior appeal (36 A D 2d 1024), that he was not advised of his right to challenge the constitutionality of his prior 1954 conviction, is frivolous. The minutes taken on his resentencing fully disclose he was apprised and was told to follow the procedure outlined in *People v. Cornish* (21 A D 2d 280). We are in accord with the dissent herein that on the prior appeal we did not pass on the merits of the asserted unconstitutionality of his prior conviction but simply approved the procedure by way of which such attack could be made. To the extent that attack is made upon the order appealed from, notwithstanding the claimed unconstitutionality of his prior conviction, it is observed that this claim of unconstitutionality is predicated upon bare conclusory allegations, devoid of facts which, if proven, would be grounds for *coram nobis* relief. Absent some corroboration, or some indication as to precisely what is claimed to be unconstitutional about the predicate felony, a hearing would serve no useful purpose. (*People v. Scott*, 10 N Y 2d 380.) As was stated in *People v. White* (309 N. Y. 636, 641) "Due process does not require a court to accept every sworn allegation as true", and entitlement to a hearing depends on whether "there is, as a matter of law, a dispute of fact which entitles the defendant to a hearing." Defendant's further contention that the court lacked jurisdiction to resentence him, since no new information had been filed charging his prior felony conviction, lacks merit. The granting of his motion for resentence did not affect the validity of the prior felony information that had been filed since 1962, particularly in view of the fact that he did not dispute he is the subject of the prior conviction. However, taking into consideration the *pro se* nature of defendant's application and seeming confusion, and in the light of the determination of the Court of Appeals in *People v. Wilkins* (28 N Y 2d 213), decided subsequently to the resentencing court's suggested procedure here inadequately pursued, this affirmance is without prejudice to a further and renewed application for resentencing in a petition embracing such adequate factual allegations as would sustain a right to a hearing in a *coram nobis* proceeding. By so providing, we allow for the entertainment by the court for its consideration, the question of the need for a renewed *Montgomery* resentencing predicated upon the only basic claim which might warrant consideration — the asserted unconstitutionality of his prior conviction — if defendant comes forward with facts rather than conclusory allegations. There is

thus avoided the multiplicity of procedure sought to be discouraged in *People* v. *Wilkins* (*supra*) preserving for review, as a matter of right, on any appeal from the judgment of conviction on resentence, the question of claimed unconstitutionality. Concur — McGivern, J. P., Nunez and Capozzoli, JJ.; Kupferman and Murphy, JJ., dissent in the following memorandum by Murphy, J.: On September 27, 1962 the defendant was convicted of robbery in the first degree. At sentence he admitted a prior felony conviction charged in an information and was sentenced as a second felony offender to State prison for a term of 15 to 20 years. This *coram nobis* petition is to vacate a resentence (Schweitzer, J.) on October 15, 1969 brought about by a *Montgomery* claim. The defendant was resentenced to 15 to 20 years *nunc pro tunc* as of September 27, 1962. The defendant contends that the resentencing court failed to apprise him of the right to challenge the predicate felony and also contends the prior felony was unconstitutionally obtained. At the resentence: "Do you have any legal cause to show why judgment of the Court should not now be pronounced against you according to law? What is your answer? THE DEFENDANT: My answer is that my rights were violated under Section 1943 of the Penal Law. I was not advised of the right to. challenge the constitutionality of the prior conviction, and I would also like to challenge my first conviction. THE COURT: Any sentence which I intend to impose today will be nunc pro tunc as of September 27, 1962, and it will be without prejudice to any right that you may have to challenge your prior felony conviction, and you must follow the procedures as set forth in the case of *People* against *Cornish,* which is reported in 21 App. Div. 2d. Your attorney will advise you with respect thereto." Defendant then specified, at length, the aspects of the predicate felony conviction which he felt were defective. The court then replied: "I will hold as a matter of law that no legal cause has been advanced why the judgment of this Court should not now be pronounced upon the defendant. The fact that he challenges the prior predicate conviction does not impair his right to apply to this Court for resentence, in which event, if he is so advised, he should follow the procedures outlined in the case of *People* against *Cornish,* 21 App. Div. 2d 280 (*id.* 10–11)." The court did not consider his complaint and in effect told him he should proceed by a collateral attack by way of *coram nobis.* This judgment with its suggested procedure was affirmed by˜this court on May 25, 1971, without opinion (36 A D 2d 1024). Even while that appeal was pending the defendant acted on the resentencing court's advice and instituted this petition. The People now contend the issue was decided on the appeal but all the appeal did was to affirm the procedure outlined by Justice Schweitzer to this defendant. The court should have considered the constitutional defects in the predicate felony at the resentence. In *People* v. *Wilkins* (28 N Y 2d 213, 219–220) the court said: "The amendment is, of course, 'generally retroactive' (*People* v. *Jones,* 17 N Y 2d 404, 409, *supra*) and, accordingly, it follows that both of the defendants before us — originally sentenced as multiple offenders prior to 1964 — may assert constitutional challenges to their alleged underlying predicate convictions upon being resentenced. (See, e.g., *People* v. *Jones,* 17 N Y 2d 404, *supra; People* v. *Johnson,* 34 A D 2d 777; *People* v. *Johnson,* 26 ʹA D 2d 912, *supra; People* v. *Cornish,* 21 A D 2d 280, 282, *supra.*) It may well be that *People* v. *Montgomery* (24 N Y 2d 130, *supra*) was designed ʹto afford a defendant the right to appeal and argue those matters he would· have been entitled to urge had he appealed within 30 days of the conviction.·ʹ However, the defendants before us did not have the right, when sentenced, to, attack the constitutionality of the earlier predicate conviction. Consequently, the defend-

ants were privileged to proceed as they did below, following their resentencing. It is hardly necessary to add that to refuse to hear a defendant's challenge to the constitutionality of the predicate felony at the time he is being resentenced, and to require him instead to initiate a new proceeding in the nature of *coram nobis* in order to have the question decided, would be egregiously wasteful of judicial time. Reason and a regard for sound practice recommend that a defendant be permitted, upon a *Montgomery* resentencing, to challenge the validity of his second felony conviction and to raise upon appeal any other question he would have been entitled to advance had he appealed from his conviction within the 30 days prescribed by law." The defendant, having timely and properly raised the issue, is entitled to a hearing and consideration on the merits. Having raised it at the resentence and in this petition and nothing existing in the records relied upon by the People to the contrary, it should be remanded for a hearing on the merits. The *Cornish* case, although not applicable to the facts here, was an attempt to preserve his remedy. No matter what procedure is used there must be compliance with section 1943 of the former Penal Law and a remand is mandatory to comply with that section; otherwise the sentence is invalid. I would then remand for resentence.